Cook, J.,
delivered the. opinion of the Court.
The defendant in error brought his action of assumpsit in the Circuit Court, founded on several promissory notes, and concluded to his damage, $1,000.
Upon the general issue, the Judge found for the plaintiff; the sum of $2,140 69 in damages, and rendered judgment for that amount with costs; to reverse which judgment, this writ of error is prosecuted.
The error assigned is, that the Circuit Court erred in rendering judgment for a greater sum than the damages laid in the declaration.
According to the uniform decisions at common law, if the jury find greater damages than the plaintiff has counted for, and the Court render judgment according to shell finding, it is error, (Bac. Abr. 267, D. damages 2, and authorities there cited); but it is contended by the counsel for the defendant in error, that this judgment is aided by the statutes regulating judicial proceedings in this State. The provisions relied on, are sections 18, 24 and 25, (under the head "judicial proceedings,” in-the digest). These provisions were manifestly made in aid of informal pleadings; but we are at a loss to discover their influence upon form, when parties choose to adopt it; nor do we perceive, upon what principles they are to be so construed, as to change the rules of common law, as to the judgment which the Court should render; and if the position assumed in argument be correct, that if the conclusion to the plaintiff’s damage had been omitted, it would have been good after verdictyet it does not follow that the plaintiff is not limited to the damages for which he has thought proper to count.
It is, however, objected by the counsel, for the defendant in error, that this point cannot bo examined by this Court, as the question was not made in the Circuit Court, and the statute regulating proceedings in this Court, is relied on, which provides, that on appeal or writ of error, the Supreme Court shall take no. exceptions to the proceedings of the Circuit Court, except such as shall have been expressly decided on. If the final judgment of the Circuit Court is not an express decision within the meaning of the statute, no error in such judgment could be corrected in this Court; that being the end of all proceedings in that Couit. In this case, the party could not have redressed himself by motion, in arrest of judgment, because the declaration is sufficient in form and substance, and the finding upon the issue, legally entitles the plaintiff to judgment; but what judgment shall be rendered for him, is purely a question in law, in which, if the Court err, the parly injured has no remedy but by writ of error. It is the opinion of this Couit, that the Circuit Court erred, *97 in rendering judgment for a greater amount than, damages laid in the declaration. The judgment must, therefore, be reversed with costs.