# DECISIONS

OF THE

# SUPREME COURT OF MISSOURI,

## SECOND JUDICIAL DISTRICT.

### AUGUST TERM, 1837.

---

## PRATT v. ROGERS.

1. Where a motion is made to set aside the judgment of the court, and grant a continuance, because of certain facts set forth in affidavits, the affidavits must be preserved in a bill of exceptions; otherwise the appellate court cannot undertake to say whether the court below erred or not.
2. If the court below fails to find a *material* issue, such error is not cured by our Statute of Jeofails.

ERROR to the circuit court of Marion county.

*U. Wright,* for appellant:
The points raised here for appellant are, 1. That the court erred in refusing to set aside the judgment and grant a continuance.

2. That the court erred in giving judgment for the plaintiff, without a finding upon all the issues in the cause.

For the last point, see Leak v. Elliott, decided by this court at its last term, and the authorities relied on in that case; also Archbold's Appendix, page 145; likewise, 3 vol. Mo. Decis. p. 390, Jones and Jones v. Snider, a case precisely in point.

*T. L. Anderson,* for appellee:
The first error assigned by the appellant is, that the circuit court erred in overruling the motion of said appellant to set aside the judgment rendered in said cause, and

AUG. TERM, 1837.

Pratt v. Rogers.

grant a continuance thereof. The appellee in error insists that no such motion, or evidence in support of it, legally appears upon the record in this cause. To enable this court to act upon the decision given by the court below, on said motion, the whole should have been incorporated in a bill of exceptions. It has been often decided by this court, that with regard to all extraneous facts, not presented by an issue of fact or law, the evidence must be saved; here no issues were made; no evidence saved —see 1 vol. D. S. C. Davis v. Hays, 270; also the case of Davidson v. Peck, decided by this court, August term, 1836, 445.

The second error assigned is, that the judgment was rendered against the said appellant, without a proper finding of the issues joined by the parties in the cause. The counsel for the appellee admits that the judgment is somewhat informal, but insists that the issues are substantially found, and the judgment good, (see the record;) but even if it be true that the issues are not expressly found, the matter is cured by the statute. The statute says that no exceptions shall be taken to anything unless expressly decided on by the court below—see Statutes of Mo. sec. 31, page 522. In this case no motion was made in arrest of judgment; the attention of the court was never called to the defect, if any there be—see the case of Davidson v. Peck, above referred to.

EDWARDS, Judge, delivered the opinion of the court.*

This was an action of petition in debt, brought by Rogers against Pratt, on a note. Pleas, non assumpsit and set off. Verdict and judgment for plaintiff. The defendant afterwards, and during the same term, moved the court to set aside the judgment and grant a continuance, upon facts set out in two affidavits filed. This motion was overruled.

Where a motion is made to set aside the judgment of the court, and grant a continuance, because of certain facts set forth in affidavits, the affidavits must be preserved in a bill of exceptions; otherwise the appellate court cannot un-

The first error assigned by the appellant is, "that the circuit court erred in overruling the motion of said appellant, to set aside the judgment rendered in said cause, and grant a continuance thereof." No evidence in support of this motion is legally preserved. The ground upon which the motion is based should be presented by saving the evidence in the case; by incorporating it in a bill of exceptions, and praying the court to allow and

---

* Note. McGIRK, Judge, did not sit during this term, in consequence of indisposition.

AUG. TERM, 1837.

Pratt v. Rogers.

sign the same. When this is done, the bill becomes part of the record. The entry that a motion was made and the affidavits filed, is a proper act of the clerk; but the affidavits, the evidence to support the motion, is not matter of record, unless incorporated in a bill of exceptions, allowed and signed by the court, and thus made a part of the record. Here the affidavits are not made a part of the record, and therefore cannot be seen by the court.—Davis v. Hays, 1 M. D. 270; Davidson v. Peck, August term, 1836, 445.

*dertake to say whether the court below erred or not.*

The second error assigned is, that the court erred in giving judgment without a finding upon all the issues in the cause. The pleas are non assumpsit and set-off, and the court "finds for the plaintiff the sum of three hundred and fifty-two dollars and seventeen cents, the debt in the said petition mentioned; and also the sum of one hundred and seventy-nine dollars and fifty cents in damages, by reason of the detention of said debt." This is a finding of the issue joined on the plea of non assumpsit only; the issue on the plea of set-off is not found. A failure to find the issue joined on an immaterial plea is not error; but here the issue joined on the plea of set-off is material, and should have been found—Jones and Jones v. Snider, admr., 3 M. D. 390. But the appellee insists that the matter is cured by the statute. The statute provides, "that no exception shall be taken to anything unless expressly decided on by the court below"—Revised Code, 522, s. 31. Here the matter was before the court for examination and decision, and it was not necessary to present it by a motion in arrest of judgment. The failure to find the issue was equivalent to a decision that it was unnecessary to find it. An imperfect finding of the court, one that may be perfected by directing the attention of the court to it, may be cured by the statute; as in the case of Davidson v. Peck, decided by this court at the August term, 1836; but the statute cannot cure the want of a finding on a material issue.

*If the court below fails to find a material issue, such error is not cured by our statute of Jeofails.*

The judgment of the circuit court will be reversed and the cause remanded.