## WEST, ASSIGNEE OF MALOY, vs. MILES.

1. The court cannot enter up a judgment, on the finding of an issue made under the provisions of the 11th sec. of the act of February 15th, 1841, entitled "An Act relating to assignments for the benefit of creditors."

2. Such a finding is not subject to an appeal, or a writ of error.

3. The Supreme Court will take cognizance of an erroneous judgment of an inferior court, although no motion to set aside such judgment be made in the inferior court.

### APPEAL from St. Louis Court of Common Pleas.

GAMBLE & CARROLL, for Appellant.

ALBERT TODD, for Appellee.

NAPTON, J. delivered the opinion of the court.

The plaintiff in error, under the provisions of the 11th section of the act of February 15th, 1841, entitled, "an act relating to assignments for the benefit of creditors," certified to the circuit court of St. Louis county, a claim of the defendant in error, against Maloy, for goods furnished, and money advanced to the amount of about ten thousand dollars. The cause was transferred to the court of common pleas, where after trial before the court, neither party requiring a jury, the plaintiff obtained a verdict for $7,824. The defendant moved the court to set aside the verdict and grant a new trial, for various reasons specified in the motion, but the motion was overruled, and judgment was given against the plaintiff in error, for damages and costs.

To reverse this judgment a writ of error has been brought.

It seems to be conceded that the judgment of the court of common pleas was erroneous; but it is argued that a motion to set aside this judgment in the court below, was necessary before the irregularity could be taken advantage of by writ of error. The decisions of this court have been otherwise; and it has been uniformly held, that a final judgment of an inferior court may be reversed, whether the error of that court was excepted to below or not. Carr & Co. vs. Edwards, 1 Mo. Rep. 137; Hempstead, and others, vs. Stone, 2 Mo. Rep. 541; Hayton vs. Hope, 3 Ib. 53; Maupin vs. Triplett, 5 Ib. 422.

Inasmuch as the court erred in entering up judgment upon the verdict found, it is obvious that this court cannot re-examine the propriety of

the finding.   The issue directed by the statute seems similar to a feigned issue, directed by a court of chancery, and is merely to ascertain a fact, and for the information and government of the assignee, and can no more be the subject of an appeal, or writ of error, than the verdict of the assignee himself, where no such aid from the court is requested.

Judgment reversed and cause remanded.