BENTON, GARNISHEE OF THE BANK OF MISSOURI, VS. LINDELL.

1. Where the court, upon the submission of only one of the parties to a suit, improperly proceeds to try issues properly triable by a jury, its judgment is irregular, and no motion to set it aside is necessary.

2. The statute of limitations may be pleaded to a debt contracted in a fiduciary capacity.

3. A garnishee may set up the statute of limitations as a defence to his indebtedness.

## ERROR to St. Louis Circuit Court.

GANTT, *for Plaintiff, insists:*

1. That it was erroneous and irregular in the Circuit Court to cause the issues of fact to be tried before the determination of the issues of law, and in fact, without making, up to this time, any disposition of the issues of law. Rev. Code of 1845, title Practice, page 816, sec. 1; Menefee vs. D'Lashmut, *et al.*, 1 Mo. R., 258.

2. That it was erroneous and irregular for the Circuit Court to take upon itself, without the express consent of both parties, the trial of an issue of fact, without the intervention of a jury.— Pratte and Cabanne vs. Corl, 9 Mo. R., 163; Sutton vs. Clark, 9 Mo. R., 559.

3. That an irregular judgment may be set aside for irregularity at any time within five years from the rendition thereof, and therefore the motion was not too late, being filed the subsequent term. Rev. Code of 1845, p. 831, sec. 8.

4. That there was no need of a bill of exceptions, and no need for the plaintiff in error to have excepted to the ruling of the court below, in order to present the case for review to this Court.— Carr vs. Edwards, 1 Mo. R., 137; West vs. Miles, assignee, &c., 9 Mo. R. 167.

GAMBLE & BATES, *for Defendant, insist:*

1. *There were no issues of law* in this case. The plaintiff had made *issues of fact*, by traversing parts of the answer; and also excepted to certain matter in the answer, not responsive to the allegations and interrogations, and vaguely invoking the statute of limitation, to protect him against the debts admitted by his answer. That part of the answer was wholly immaterial, and the plaintiff need not have noticed it. The only notice he took of it was to point out its objectionable character. He did not demur to it, and indeed a demurrer would have been inadmissible. R. C., p. 140–1, sec. 31, 32; and Tuttle vs. Gordon, 8 Mo. R., 152.

The garnishee made no response to these exceptions, and so there is no pretence of an issue of any sort upon that matter. And the court, no doubt considering that whole matter immaterial, took no notice of it in determining this case.

2. If there had been *issues of law* in the case, the garnishee is wrong in supposing that it is an error for which the judgment ought to be reversed, that the *issues of law* were not determined before the trial of the issues of fact.

The statute does indeed say, (R. C., p. 816, sec. 1,) "when there are several issues of law and of fact in any suit, the issues of law shall be first determined." But that is only directory—a rule of convenience. Suppose two pleas to a declaration—issue on one of them, and demurrer to the other, and rejoinder—verdict of a jury for the plaintiff on the first, and afterwards a decision by the court on the demurrer in favor of the same party; the case comes here on writ of error, and this court finds both issues legally and rightly determined—is this Court bound to reverse the judgment simply because the issues, though *rightly* determined, were not determined in the prescribed order of time?

NAPTON, J., *delivered the opinion of the Court.*

Lindell recovered a judgment against the Bank of Missouri, in 1825, and not being able to make the debt by *fi. fa.*, sued out an attachment, under the statute, and summoned Benton as garnishee. This was in 1837. After a variety of proceedings, not material to be noticed, Benton filed his answer in 1841. The answer was excepted to, and the exceptions sustained. At the April term, 1844, a further answer was filed, which in substance denied all indebtedness to the Bank at the time of the garnishment, and relied also on the statute of limitations. So much of the answer as denied indebtedness was traversed, and exceptions were taken to that part of the answer which set up the statute of limitations. The objection to this part of the answer was, that the garnishee having been a corporator and director of said Bank, and owing the debt to said Bank in a fiduciary capacity, he could not avail himself of the statute. On the 22nd November, 1844, a motion was made by the garnishee to strike out the traverse to his answer and to overrule the exception taken to that part of the answer which relied on the statute of limitations.— This motion was overruled. On the 28th October, 1845, the following entry appears on the record : "Now at this day comes the said plaintiff, by his attorney, and not requiring a jury, therefore all and singular the premises are by him submitted to the court, which being seen, &c., the court doth find as to the first issue, &c., that the said garnishee was indebted, &c.," (proceeding to find all the issues for the plaintiff.) A judgment was rendered against the plaintiff in error for $12,352.

On the 9th of January, 1846, the plaintiff in error moved to set aside this judgment for irregularity, which motion, on the 23rd March, 1846,

was overruled, but no exceptions were taken. The record is brought to this Court by writ of error.

This case falls within the principle settled by this Court in the case of Pratte & Cabanne vs. Corl, (9 Mo. R., 164,) and Sutton vs. Clark, (ib. 559.) It appears upon the face of the record that the court, upon the submission of the plaintiff alone, tried the issues of fact, found a verdict upon them all for the plaintiff, and entered a judgment on this verdict.— To correct this error, a motion in the court below is unnecessary. Pratt vs. Rogers, 5 Mo. R., 53; Carr vs. Edwards, 1 Mo. R., 137; Finney, Dobbyns & Shade vs. State of Missouri, 9 Mo. R., 634.

As the case goes back, it may not be amiss to notice the decision of the court in overruling the defence of the statute of limitations, although no exception was taken to this decision at the time. We have not been able to discover any thing in the letter or spirit of the statute of limitations which restricts its privileges to any particular class of debtors.— Nothing is said in the act from which it can be inferred that debts contracted in a fiduciary character are exempted from its operation, nor is there any thing in the phraseology or object of the statute which would preclude garnishees from its benefit. The statute was framed to protect persons from stale demands, which are presumed to have been paid, and the evidence of which payment the debtor is presumed to have lost or failed to preserve. If garnishees are understood to be excluded from the benefits of the act, it will be very easy, in all cases, to evade the statute entirely, by collusion between the creditor and a third person.— An indebtedness may be created by the creditor for the very purpose of defeating such a defence on the part of his debtor, and in this way the statute be rendered nugatory.

The other Judges concurring, the judgment is reversed and the cause remanded.