J. P. H. GRAY, Defendant in Error, *v.* THOMAS PAYNE *et al.*, Plaintiffs in Error.

1. *Practice, Civil—Pleadings— Misjoinder of causes of action.*—A misjoinder of causes of action in the petition is fatal; and where such defect is apparent upon the face of the record, this court will notice it on error or appeal, whether exceptions were saved or not.

2. *Practice, Civil—Pleadings —Misjoinder of causes of action —Ejectment.*— In a bill to set aside a deed as fraudulent, the plaintiff cannot sue for a recov-

ery of the land. A bill in equity is never the proper remedy for the recovery of real estate; the plaintiff must first obtain his decree vesting the title in him, and then resort to his action of ejectment. (Peyton v. Rose, 41 Mo. 257, cited and affirmed.)

### Error to First District Court.

*Burke & Howard*, and *G. T. White*, for plaintiffs in error.

It is irregular to join and try ejectment and a bill in equity at the same time. The court will take notice of the record, if the case appears so to have been tried, whether exceptions were taken or not. (Farmers' Bank v. Bayliss, 41 Mo. 274–5 ; Peyton v. Rose, 41 Mo. 261.) Joint judgment against several parties not jointly liable is erroneous.

Neither motions for new trial, nor in arrest, nor bills of exceptions, are requisite to give this court jurisdiction, if errors appear upon the record. ( Bransteter v. Rives, 34 Mo. 318–321; Mason v. Barnard, 36 Mo. 384; Carter v. Scaggs, 38 Mo. 303, 498–9; Hoppe v. Stone, 39 Mo. 378 ; Nordmanser v. Hitchcock, 40 Mo. 178, 602 ; Peyton v. Rose, 41 Mo. 261.)

*Ewing & Smith*, with *Owens & Wood*, for defendant in error.

WAGNER, Judge, delivered the opinion of the court.

This was an action commenced in the Cole County Circuit Court. The petition contained two counts. The first count was in ejectment, for recovering the possession of certain premises therein described. The second count was in the nature of a bill in equity, asking to have a conveyance transferring the title to the premises to the defendant set aside as fraudulent, and vesting the same in the plaintiff. The court treated both counts as one action, and submitted them jointly to a jury, with instructions covering the whole case, and the jury found a general verdict for the plaintiff, upon which verdict a judgment was rendered setting aside the conveyance to the defendant as fraudulent, vesting the title in the plaintiff, and also awarding to him the possession. This judgment was affirmed in the District Court, and the cause is brought here by writ of error.

As the case is now presented, the only question which will be noticed arises upon the pleadings. That there is a misjoinder of causes of action combined in the petition is patent, and that the objection is fatal is well established by a uniform current of decisions in this court. It is true the point was not raised in the court below by the defendant's counsel, but the matter is apparent upon the face of the record, and will be noticed here on either error or appeal, whether exceptions were saved or not.

The practice act providing for the joinder of different causes of action furnishes no sanction to the proceeding. It has been frequently held that an action for ejectment and one in partition could not be joined. (Lambert v. Blumenthal, 26 Mo. 47; Gott v. Powell, 41 Mo. 416.) And the very question under consideration was examined and considered by this court in the case of Peyton v. Rose (41 Mo. 257), where it was held, after mature deliberation, that in a bill to set aside a deed as fraudulent, as to creditors, the plaintiff could not sue for recovery of the land. It is unnecessary to repeat the reasons given in that case. This decision was affirmed in Curd v. Lackland, *ante*, p. 113. A bill in equity is never the proper remedy for the recovery of real estate. The plaintiff must first obtain his decree vesting the title in him, and then resort to his action of ejectment. In Peyton v. Rose there was properly no trial of the ejectment at all, but only a hearing of the count in equity; and the court treated the former branch of the petition as mere surplusage, and gave the equitable relief asked.

Did this case present the same state of facts, we should pursue a like course. But it does not. The whole matter was referred to the jury as if it was one entire cause of action.

In chancery proceedings a jury may be impaneled to pass upon questions of fact, but issues should be framed and submitted to them. They find the facts for the guidance of the chancellor. The proceedings are different from what they are in a strictly legal action. The instructions given by the court treated the whole case as one entire action, and were calculated to mislead and confuse. This practice cannot be tolerated. It violates every elementary principle and destroys all precision in pleading;

14—VOL. XLIII.

nor is it warranted or justified by the code. The whole record is involved in irregularity and confusion.

The judgment will be reversed and the cause remanded, with leave to the plaintiff to amend his petition. The other judges concur.