THE KANSAS CITY HOTEL COMPANY, Respondent, *vs.* JOSEPH SIGEMENT, Appellant.

1. *Practice, civil—Pleadings—Counts—Separate causes of action—Account.*— Several assessments on a stockholder of a company in payment of his subscription, after they all become due, are in the nature of an account made at several times, all of the items of which being added together make a single cause of action.

2. *Practice, civil—Motion in arrest—Errors in pleadings—Improper joinder—Supreme Court.*—The objection, that several causes of action are united in one count, will not be considered by this court, unless that point was raised before the lower court in the motion in arrest.

*Appeal from Kansas City Court of Common Pleas.*

*F. A. Mitchell, and Johnson & Botsford,* for Appellant.

I. The petition contains but one count in which are commingled four separate and distinct causes of action. (Kansas City Hotel Co. vs. Harris, 51 Mo., 464.)

II. The finding and judgment are both a part of the record, and, even had there been no motion in arrest, a single finding of one entire gross sum, where there are several causes of action stated in the petition, would be bad on appeal, or writ of error; as it would be an error apparent of record. (Bateson vs. Clark, 37 Mo., 31; State vs. Matson, 38 Mo., 489; Hoppe vs. Stone, 39 Mo., 378.)

*Brown & Case, and Lay & Belch,* for Respondent.

I. The subscription of defendant is a contract. (Ang. and Ames Corp., § 517.)

II. His entire liability arises on this contract, and all debts or demands, already due by the same contract, make but one entire demand or cause of action. (19 Wend., 207; 16 N. J., (Ct. of App.) 548; Callaghan vs. McMahon, 33 Mo., 111; State to use DeHaven vs. Davis, 35 Mo., 406.)

ADAMS, Judge, delivered the opinion of the court.

The defendant subscribed ten shares to the capital stock of plaintiff, which amounted to one thousand dollars; each share being one hundred dollars. The subscriptions to the stock were to be paid on calls to be made by the board of directors.

The first call was ten per centum, which was paid by the defendant. The board of directors afterward made four more calls, as follows:

2nd. Call of ten per cent. made May 4, 1868, payable on or before May 15, 1868.

3rd. Call of ten per cent. made June 8, 1868, payable on or before June 16, 1868.

4th. Call of fifty per cent. made December 15, 1868, payable December 21, 1868.

5th. Call of twenty per cent. made June 4, 1869, payable June 7, 1869.

All these calls having become due, amounted to the aggregate sum of nine hundred dollars. The plaintiff brought this suit for these four calls aggregating nine hundred dollars, and joined them together as one cause of action in a single count.

The petition sets forth the calls as made, alleging that they are all due, and asks judgment for the whole amount.

There was a general verdict and judgment rendered in favor of the plaintiff for the whole amount.

The objection urged here, is that there should have been separate findings or verdicts on each call. This objection is not tenable. It is very true, that each call, as made, was a distinct and separate cause of action, and might have been sued on as such. But after all the calls had been made and become due, they were added together and the aggregate amount treated as a single indebtedness of nine hundred dollars. They were in the nature of an account made at several times, all the items of which being added together make a single cause of action. Besides the motion in arrest does not raise this point, and it was not presented to the court below and is not, therefore, properly before this court. (Newton vs. Miller, 49 Mo., 298.)

Let the judgment be affirmed. The other judges concur.