# CASES DETERMINED

BY THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

OCTOBER TERM, 1894.

HENRY L. DUNCAN, Defendant in Error, v. L. D. OLI-
PHANT *et al.*, Plaintiffs in Error.

St. Louis Court of Appeals, October 1, 1894.

1. **Pleading**: VENUE. The failure of a petition to state the venue is
cured by the statute of jeofails, if the cause was tried in the proper
county.

2. **Practice, Trial**: SIGNATURE OF VERDICT: NECESSITY FOR MOTION IN
ARREST. We have no statute requiring the signature of a verdict by
the foreman of the jury. But, if the want of such signature be an
irregularity, objection thereto must be raised by motion in arrest.

*Error to the Barry Circuit Court.*—HON. J. C. LAMSON,
Judge.

AFFIRMED.

*French & Whitney* for plaintiffs in error.

*Cloud & Davies* and *George & Landis* for defend-
ant in error.

VOL. 59—1                                    (1)

BIGGS, J.—This is an action for personal injuries. The plaintiff's damages were assessed at $100, and judgment was entered thereon. The defendants have brought the case here on writ of error. The errors assigned are, that the amended petition fails to state the venue of the cause, and that the verdict was not signed by the foreman of the jury.

There is no merit in either of the assignments. The cause originated in the circuit court of Lawrence county, where the defendants were personally served. The original petition named the proper venue, but in an amended petition the name of the county was omitted from the caption. Afterwards the defendants filed their answer, and on their application the venue of the cause was changed to the circuit court of Barry county. The contention is, that the amended petition is fatally defective in the respect mentioned, and that the defect was not cured by the verdict. This is against the express provisions of our statute of jeofails (R. S., sec. 2113), which reads: "When a verdict shall have been rendered in any cause, the judgment thereon shall not be stayed, nor shall such judgment * * * be reversed, impaired or in any way affected by reason of the following imperfections, omissions, defects, matters or things, or any of them, namely: * * * *Twelfth*, for the want of any venue, if the cause was tried in the proper county." The record shows that the action was brought in the circuit court of Lawrence county, where the defendants appeared and filed their answer; that afterwards the venue of the cause was regularly changed to the circuit court of Barry county, where subsequently the case was tried. The plain reading of the statute settles the question adversely to the defendants.

It is also claimed that the judgment should be reversed for the reason that the verdict of the jury

was not signed by the foreman. We have no statute requiring this to be done. But, if it be admitted that it was an irregularity, the attention of the trial court should have been called to it by motion in arrest. *Fickle v. Railroad*, 54 Mo. 219; *Sturgeon v. Railroad*, 65 Mo. 569; *Owens v. Railroad*, 58 Mo. 386. Whether such a motion was filed, we can not consider or determine, as there is no bill of exceptions.

Finding no error in the record, the judgment of the circuit court will be affirmed. All the judges concur.