[No. 942.   April 25, 1902.]

ATILANO LEYBA, Appellant, v. MANUEL ARMIJO, Justice of the Peace, etc., Appellee.

### SYLLABUS.

1. Certiorari is the proper remedy to bring up for review all the proceedings before a justice on condemnation of land for ditch purposes under Comp. Laws 1897.

2. Comp. Laws 1897, sections 25, 26 provide that when any public· ditch, or part thereof, shall be destroyed, and it shall be impossible to construct it where it ran before, the mayordomo of such ditch, with the consent of a majority of the common laborers thereof, may cut through the lands of any person, by first obtaining the consent of the owner and offering to pay such compensation as may be agreed upon, and that if the owner shall refuse to accept the compensation offered by those interested in the ditch, or demand exorbitant compensation, the mayordomo shall lay the case before the justice of the peace of the precinct, who shall appoint experts to fix a compensation to be paid. *Held*, that the justice has no jurisdiction to appoint experts unless the petition shows that all the conditions exist as set forth in section 25, and that the owner had notice of the application.

Appeal from the district court of Bernalillo county, before J. W. CRUMPACKER, Associate Justice. Reversed and remanded.

SUMMERS BURKHART for appellant.

The jurisdiction of justices of the peace in condemnation proceedings is conferred by sections 25 to 28, Compiled Laws, New Mexico, 1897.

Condemnation proceedings are purely statutory and in derogation of common right, and the statutory authority must be strictly pursued, and every condition requisite to the exercise of the jurisdiction observed.

.Reed v. Ohio etc. R. Co., 126 Ill. 48; Sherman v. Buick, 32 Cal. 242; Vreeland v. Jersey City, 54 N. J. L. 49; Chicago etc. R. Co. v. Chicago, 132 Ill. 372; 7 Ency. Pl. & Pr., 468 and cases cited; Detroit Sharpshooters' Assn. v. Highway Com., 34 Mich. 36.

And such fact must appear upon the face of the record or the proceedings will be void.

Kroop v. Forman, 31 Mich. 144; Anderson v. Pemberton, 89 Mo. 61; Keenan v. Dallas Co., 26 Ala. 568; St. Louis R. Co. v. Lewright, 113 Mo. 660.

Under our statute the effort to agree upon a compensation, and its failure, is a condition precedent to a valid condemnation and must appear upon the face of the record or the proceedings will be void.

Reed v. Ohio etc. R. Co., 126 Ill. 48; Grand Rapids R. Co. v. Chesboro, 74 Mich. 466.

The failure of the appraisers to file in the office of the justice of the peace their oath of office, renders the whole proceeding void.

Fisher v. Allen, 8 N. J. L. 301.

Such notice as will afford the landowner an opportunity to protect his rights is an essential prerequisite to the taking of land for public use.

Fifth Amendment to Constitution of the U. S.; Burns v. Multonah R. Co., 15 Fed. 177; Railway Tax Cases, 13 Fed. 748, 762; Davidson v. N. O., 96 U. S. 99; Windson v. McVeigh, 96 U. S. 274; Stuart v. Palmer, 74 N. Y. 183; Neeld's Case, 1 Pa. St. 353; Hoovey v. Elliot, 167 U. S. 409.

See also Boonville v. Omrod, 36 Mo. 193; Hinckley, petitioner, 15 Pick. (Mass.) 447; Peoria

etc. R. R. Co. v. Warner, 61 Ill. 52; Balt. Belt R. R. Co. v. Baltzell, 75 Md. 94; Strachn v. Brown, 39 Mich. 168; Chesapeake & Ohio Canal Co. v. Union Bank, 4 Cranch (C. C.) 75; Langford v. Ramsey County, 16 Minn. 375.

F. W. CLANCY for appellee.

The dockets of justices of the peace which exhibit strict regularity are rare; but such justices are for the most part unskilled if not uninstructed in legal forms and technical proceedings; and it is sufficient if the jurisdictional facts are shown, whether they be formally expressed or not.

Sanchez v. Luna, 1 N. M. 242.

A simple defect in the allegations of the petition is not sufficient to oust the justice of his jurisdiction.

Johnson v. Moss, 20 Wend. 145 and 148.

The petition states a matter clearly within the jurisdiction of the justice. If it were as defective as appellant contends it would be a nullity and appellant need not to have given any attention to it.

Section 29, Compiled Laws 1897.

### STATEMENT OF THE CASE.

This is an appeal from the judgment of the district court of the Second judicial district, affirming the proceedings and judgment of a justice of the peace in said district in condemnation proceedings.

It appears that in March, 1900, the mayordomo and the commissioners of the acequia of Pena Blanca appeared before the defendant, a justice of the peace of precinct No. 17, in the county of Bernalillo, and presented the petition of forty-four persons, praying the appointment of three appraisers to appraise certain lands to repair or reconstruct the acequia of Pena Blanca, being the property of the appellant herein and others.

The grounds set out in the petition are as follows:
"There ought to be a change in said acequia for the
reason that it is impossible to be maintained where it
is, because it has caused much damage in the past by
breaking its banks and destroying property and the ar-
royo adjoining said old acequia fills it up every time
it runs and is a damage to the community by obstruct-
ing the course of the water."

On this petition, the justice of the peace, on the
eighth day of March, appointed three commissioners
who were duly sworn according to law on that day. Sub-
sequently, these commissioners reported in writing to
the justice of the peace, as follows:

"We, the undersigned, having been duly appointed
as appraisers to appraise a piece of unbroken land which
is not agricultural, for the purpose of constructing and
placing in its proper course the acequia madre of Pena
Blanca, and the undersigned having very carefully ex-
amined the place where the acequia was and believing
in our judgment that it is with great injury to the
inhabitants and owners of property, residents of Pena
Blanca, we have appraised the number of yards, to-wit,
sixteen yards and two feet wide and two hundred and
forty-seven yards, one foot, in length.    Said land be-
longs to Messrs. Atilano Leyba, Luterio Leyba and Vic-
toriano Leyba, and we, not knowing how much each one
owns in said lands, have valued all of the land that is
necessary for the ditch of Pena Blanca at the sum of
one dollar and twenty-five cents ($1.25) altogether.
Thus is our report given to the justice of the peace of
precinct No. 17, of the county of Bernalillo, Don Manuel
Armijo. Signed this eighth day of March, 1900."

The appellant herein being dissatisfied with the pro-
ceedings, applied to the district court for a writ of cer-
tiorari, to be directed to said justice of the peace, com-
manding him to straightway and forthwith transmit to
the district court all papers and a full and complete tran-
script of all proceedings, in the matter of the appoint-

ment of appraisers to value the land of Atilano Leyba, situate in said precinct, for ditch purposes, and in which he appointed experts on March 8, 1900, to appraise said land. The justice of the peace made full return to said writ which embraced the petition above quoted, the appointment by the justice of the commission of appraisers and the report of said commissioners. Thereupon the same was heard, on the return, before the district judge, who rendered judgment to the effect that the justice of the peace in his proceedings in the court below acted within his lawful and proper jurisdiction as such justice of the peace, and thereupon approved and affirmed the proceedings and judgment of the said justice. An appeal was prayed for and allowed to this court.

## OPINION OF THE COURT.

McMILLAN, J.—Certiorari was the proper writ to bring up for review all the proceedings before the justice of the peace in this matter. It not only brought up the petition, upon which the proceedings were founded, but it also brought up the report of the commissioners of appraisal, which is a part of the proceedings had herein in the justice's court. Farmington Co. v. Commrs., 112 Mass. 206; Miller v. School Trustees, 88 Ill. 26; Ex parte Hayward, 10 Pick. (Mass.) 358; Richardson v. Smith, 59 N. H. 517.

Condemnation proceedings are purely statutory. They are justified only on the theory that the property sought to be taken is for a public use. The proceeding being in derogation of the common law, every provision of the statute must be complied with, and unless they are strictly complied with, the court acquires no jurisdiction whatever. Property can be acquired for the public use only by due process of law, which is a strict compliance with the provisions authorizing its condemnation. Colo. F. & I. Co. v. Four-Mile Ry. Co., 66 Pac. 902.

The statute under which these proceedings were taken, Compiled Laws 1897, is as follows:

"Section 25. When any public ditch or part thereof shall be destroyed by rain or otherwise, and it shall be absolutely impossible to construct it where it usually ran before it was destroyed, the mayordomo of such ditch, with the consent of a majority of the common laborers thereof, may cut through the lands of any person, by first obtaining the consent of the owner and by offering to pay such compensation as may be agreed upon between the owner and the persons interested in said ditch."

"Section 26. If the owner who shall be solicited to permit his lands to be ditched for the purpose of opening the new ditch, in the case mentioned in the preceding section, shall improperly refuse or decline to accept the compensation offered by the ditch owner, or demand exorbitant compensation, the mayordomo shall lay the case before the justice of the peace of the precinct in which the ditch is situate, who shall appoint three experts of known integrity to fix a just compensation to be paid to the one solicited to permit his lands to be ditched through in the case above mentioned."

It must therefore appear by the petition; first, that the ditch in question is a public ditch; second, that a part thereof has been destroyed; third, that it is absolutely impossible to construct it where it usually ran; fourth, that a majority of the common laborers have consented to the application; fifth, that it is necessary to cut through other lands; sixth, that the owner of such land improperly refused to accept the compensation offered, or demands exorbitant compensation. All these facts must appear in the petition presented, before the justice can acquire jurisdiction to appoint the experts. Not one of these facts appears in the petition presented in this proceeding to the justice of the peace. Neither does it appear that the owner of the land, the appellant herein, had any notice of the application.

In Aldridge v. School District No. 16, 65 Pac. 96, the court says:

"We think that if the section should be understood to deny the right of the landowner in such condemnation proceedings to notice that such proceedings were pending, the legislative enactment would be to the extent unconstitutional and void. But a better interpretation of the statute is that it was not the intention of the Legislature that the proceedings under the statute should be taken without notice to the landowner."

It has uniformly been held that the words "due process of law" mean that the common and statute law existing at the time of the adoption of the constitution, and we do not think it can be sustained that the property of a private citizen may be taken and appropriated in condemnation proceedings under the right of eminent domain, without notice, which was the uniform accompaniment of any proceeding under the common law or statute law at the time of the appropriation of the private property; we think that in any proceeding in which the public authorities undertake to appropriate the land of another in an ex parte way, and without notice, the proceeding must be held to be void.

The right to condemn private land for ditch purposes before a justice of the peace is given only where there has been an absolute destruction of the ditch, and it is impossible to reconstruct it where it formerly ran. In this proceeding, no such condition is shown to have existed. All that appears is that the old ditch was difficult to maintain were it was, and that adjoining property-owners had suffered damage therefrom. The statute only gives the right to institute proceedings when it appears that there has been an inability to agree with the owner of the land upon the compensation to be paid therefor. There must be an effort to agree upon a reasonable price and a failure of such negotiations, and this is a jurisdictional fact which must appear.

Although the statute requires, in section 27, that

the experts appointed as appraisers, before appraising the lands, shall ascertain whether or not the ditch for which a new channel is sought is entirely destroyed, and that the exorbitant cost and labor required to rebuild it renders its reconstruction absolutely impossible; and if in their opinion the injury done to the ditch may be repaired, they will so report to the justice, and in that case the land sought to be condemned shall not be ditched —it seems unnecessary to consider this fact, or yet the report made by the commissioners, for the reason that the justice acquired no jurisdiction and has no authority whatever, under the statute, to appoint the commissioners of appraisal herein, and the proceedings are therefore void.

The judgment of the district court affirming the action of the justice of the peace should be reversed. The case is remanded to the district court, with directions to reverse and set aside the proceedings of the justice of the peace had herein, and it is so ordered.

Mills, C. J., Baker, McFie and Parker, JJ., concur.