CITY OF ST. LOUIS v. SENTER COMMISSION COMPANY ET AL., Defendants, CENTURY ELECTRIC COMPANY, Appellant.

CITY OF ST. LOUIS v. SENTER COMMISSION COMPANY ET AL., Defendants, EDWIN S. PILLSBURY, Appellant.—102 S. W. (2d) 103.

Court en Banc, February 19, 1937.

634

*Eilers & Schaumberg, G. A. Ryan* and *Rassieur, Long & Yawitz* for appellants.

*Edgar H. Wayman, John T. Hicks* and *Francis J. Sullivan* for respondent.

COLLET, J.—On November 16, 1922, the city of St. Louis instituted condemnation proceedings for the establishment, opening and widening of Market and other streets in the city of St. Louis. Commissioners were appointed to assess benefits and damages and in due time made their report. Exceptions were filed to this report by a

number of property owners affected. These exceptions were over-ruled, judgment was entered and after unsuccessful motions for new trial and in arrest of judgment appeals were granted the exceptors to this court. Those appeals have been consolidated and are now presented as one case. All of the questions raised in this cause except one were disposed of in the case of City of St. Louis v. Senter Commission Company et al., 336 Mo. 1209, 84 S. W. (2d) 133. The sole remaining question will be stated in connection with the following outline of the facts.

The commissioners' report divided a tract owned by the Century Electric Company into three parts describing them as items 224a, 224b and 224c. (See plat on opposite page.) Tract "a" which is approximately 459 feet long, 44 feet wide at one end and tapers to a point at the other, was taken for right-of-way. Tract "b," the small triangular tract shown in black on the plat, was formerly in the street but was by this proceeding vacated. Tract "c" contained all of tract 224 except tract "a" which was taken for right-of-way. It included tract "b." The commissioners' report, after describing tracts 224a, b and c, set out the damages and benefits in the following manner:

"We ascertain (the damages) to be ................$10,200.00

and against the (b) described parcel
of land we assess .............................. Nothing

on account of such vacation; *and against
the (b) described parcel of land we assess* .......... 34,330.00
*the amount to which, in our opinion, said (b)
described parcel, and the respective estates and
interests therein, jointly and severally, will be
especially benefited by this proposed improve-
ment, the sum and excess of which benefits over
the damages* .................................. 24,130.00

*the city of St. Louis shall recover against said
lot or parcel assessed.*"

It will be noted that the entire benefits of $34,330 are assessed against tract "b" and none are assessed against tract "c." In the judgment the trial court changed the letter "b" as it appears at both places in the italicized portion of the assessment to "c" with the result that the assessment of benefits was made against tract "c" instead of tract "b." The city contends that this action of the court was proper since the assessment of benefits against tract "b" was obviously the result of a typographical error, while appellant insists that the judgment must be reversed and the cause remanded with directions to the trial court to enter its judgment in accordance with

The 2 pieces marked "A" were <u>condemned</u> in this proceeding.
That marked "B" was <u>vacated</u>.
"C" is the property of Century Electric Company in this Block
and includes the area of the "B" property.

the commissioners' report thereby assessing all the benefits against tract "b." In its exceptions to the commissioners' report, appellant complained that "the benefits assessed in said paragraph 224 are excessive, arbitrary and fictitious, and that no benefits will accrue to the Century Electric Company by reason of said condemnation." In appellant's motion for new trial and in arrest of judgment there is no direct reference to the complaint now made that the judgment

did follow the commissioners' report which it confirmed. The city contends that since this question was not called to the trial court's attention it is not now open for consideration. Appellant says the question was properly raised in the court below by the first assignment of the motion in arrest reading as follows:

"First: Because on the face of the record the judgment is erroneous."

This assignment was not sufficiently definite to call the trial court's attention to the error now complained of. [Frowein v. Poage, 231 Mo. 82, l. c. 91, 132 S. W. 241; Wiltshire v. Triplett, 71 Mo. App. 332, l. c. 337; Sweet v. Maupin, 65 Mo. 65; Williams v. Jenkins, 326 Mo. 722, 32 S. W. (2d) 580.] But was it necessary that the complaint now urged—that the judgment did not follow the commissioners' report—be called to the trial court's attention in order to authorize its consideration on appeal? The determination of that question involves the consideration of several principles, the first being the nature of the commissioners' report, i. e., whether it is a part of the record proper.

This court has held that the report of commissioners in a condemnation case of this character occupies the position of a verdict. [St. Louis v. Busch, 252 Mo. 209, 158 S. W. 309; Long v. Talley, 91 Mo. 305, 3 S. W. 389.] In a case from another jurisdiction where certiorari may be utilized to correct errors of law appearing on the record proper, a commissioner's report was considered as a part of such record. [Leyba v. Armijo (N. M.), 68 Pac. 939.] A verdict being a part of the record proper it follows that the report of commissioners which occupies the position of a verdict is likewise a part of the record proper. The problem is therefore narrowed to the determination of whether this court will consider an alleged error appearing upon the face of the record proper which was not called to the trial court's attention by motion in arrest but was raised for the first time on appeal. Many authorities hold that such errors must be preserved by motion in arrest of judgment while many others hold that they will be considered on appeal in the absence of such motion. The determination of the proper rule to be followed in cases of this character, while somewhat laborious, is intensely interesting, since it involves the tracing of each theory to its origin and the subsequent development of each principle throughout many years.

Our code of procedure provides for motion in arrest of judgment (Sec. 1005, Revised Statutes 1929) but does not define its function—hence we must look to the common law to determine the character of that motion. [State ex rel. Conant v. Trimble, 311 Mo. 128, l. c. 143, 277 S. W. 916.]

Originally judgments were arrested on motion for errors of mere form, but by various English Statutes of amendments and jeofails

extending in point of time from the reign of Edward the Third to that of Anne, judgments were protected against arrest for mere formal defects as well as certain others deemed substantial but specifically mentioned in one or another of those statutes. [Wills Gould on Pleading (6 Ed.), p. 152.] Errors which could be made the basis of a motion in arrest were only errors of law (Wills on Pleading, id., p. 152) which were apparent upon the face of the record (Andrews' Stephen on Pleading (2 Ed.), p. 230) and which "would upon demurrer have been sufficient to overturn the action or plea. . . . But the rule will not hold *e converso,* 'that everything that may be alleged as cause of demurrer will be good in arrest of judgment;' for if a declaration or plea omits to state some particular circumstance, without proving of which at the trial it is impossible to support the action or defense, this omission shall be aided by a verdict." [3 Blackstone Com. (Lewis' Ed.), p. 1352.] The same view is expressed by this court. [Stid v. Railroad, 211 Mo. 411, 109 S. W. 663; Sweet v. Maupin, 65 Mo. 65; State ex rel. Conant v. Trimble, supra, 1. c. 143.]

As early as the case of Davidson v. Peck (1836), 4 Mo. 438, we find this court applying the rule that an error appearing on the face of the record which was not called to the trial court's attention by motion in arrest would not be considered on appeal. In that case the complaint was made on appeal that the "verdict (did) not find the matter in issue." The court agreed to the asserted fact and stated that the verdict was bad for that reason, but held that since it was not called to the trial court's attention by motion in arrest it could not be raised on appeal.

In Griffin & Kinote v. Samuel (1839), 6 Mo. 50, a suit on a note, the verdict was not responsive to the issues. It was held that this might have been taken advantage of by motion in arrest but that since there was no such motion the judgment would not be reversed. [Finney et al. v. State (1845), 9 Mo. 633, is to the same effect.]

This language appears in Long v. Towl, 41 Mo. 398, 1. c. 399:

"Plaintiffs . . . filed no motion in the Circuit Court for a new trial or in arrest of judgment. . . . The law provides that, before a case can be taken to an appellate court, a motion for a new trial, or in arrest of judgment, must be filed within four days if the term so long continue; and if not, then before the end of the term—G. S., Chap. 172, Sec. 6. This is intended to give the inferior court an opportunity to correct its own error, and unless such motion is filed at the appropriate time, the cause will not be reviewed in the appellate tribunal—Richmond v. Pogue, 36 Mo. 313; State v. Marshall, 36 Mo. 400; Banks v. Lades, 38 Mo. 406."

Again in Case v. Fogg, 46 Mo. 44, 1. c. 47:

" . . . and those errors only can be considered (on appeal) that

are raised upon the record proper by the motion in arrest." This case cites Mortland v. Holton, 44 Mo. 58, which does not support the quoted rule.

In Richardson v. George (1863), 34 Mo. 104, the judgment was held to be erroneous. A motion in arrest was filed but the court on appeal refused to notice the error because the motion did not point out the error complained of on appeal.

In the early case of Warner v. Morin (1850), 13 Mo. 455, is found the terse statement that this court's jurisdiction being purely appellate it is "unauthorized to consider anything as a ground for reviewing a proceeding or a judgment here, which was not brought properly to the notice, and hence not finally passed upon by the court below, either in a motion for a new trial, if the alleged errors have relation to proceedings during the trial, or in arrest of judgment if going to the pleadings." [To the same general effect are Newton v. Miller (1872), 49 Mo. 298; K. C. Hotel Co. v. Sigement (1873), 53 Mo. 176; Brown v. Home Savings Bank (1877), 5 Mo. App. 1; Ring v. Chas. Vogel Paint & Glass Co. (1890), 44 Mo. App. 111; Kurz v. Turley (1893), 54 Mo. App. 237.]

In the cases of Ashenbroedel Club v. Finlay (1893), 53 Mo. App. 256, and Saddlery Co. v. Bullock (1900), 86 Mo. App. 89, the objection was made on appeal that the verdict was erroneous because it made no special finding on a set-off or counterclaim. In each case the appellate court held that since the objection was not raised in the trial court by motion in arrest it would not be considered on appeal, while in Pratt v. Rogers, 5 Mo. 51, this court held that such a defect was error, that it was unnecessary to call the trial court's attention thereto by motion in arrest, and reversed the case on account of the error. Those of the legal profession having a peacemaking disposition might exercise those abilities by undertaking to reconcile these holdings.

In Duncan v. Oliphant (1894), 59 Mo. App. 1, the verdict was not signed by the foreman of the jury. In Shannon v. Light & Power Co. (1926), 315 Mo. 1136, l. c. 1154, 287 S. W. 1031, the jury used the word "verdict" instead of "issues" in their verdict. Both cases held that since no objection was made to the form of the verdict by motion in the trial court the error would not be noticed on appeal.

The same question involved in the case at bar was raised in Lee v. Wilkins, 79 Mo. App. 159. In that case it was held that an objection that the judgment did not conform to the verdict would not be considered on appeal, since the objection was not made by motion in arrest.

Again in St. Louis Union Trust Co. v. Merritt, 158 Mo. App. 648, a replevin suit, it was contended on appeal that the judgment was contrary to the statute. No motion in arrest had been filed. The court held: "The motion for a new trial does not go to errors of

record; those are to be reached by motion in arrest, so that the form of the judgment is not open to review." (l. c. 656.)

In the case of Johnson v. Bedford, 90 Mo. App. 43, the verdict and judgment clearly did not comply with the existing statute, yet the court held on appeal that the defect could only be taken advantage of by motion in arrest.

In Railroad v. Wyatt, 223 Mo. 347, 122 S. W. 688, the jury returned a general verdict in a condemnation case involving two tracts of land belonging to the same person. The objection was made on appeal that the verdict should have found the damages to each tract separately. This court held:

"But though there is no bill of exceptions, the judgment cannot be affirmed if the abstract shows errors in the record proper, jurisdictional in character or otherwise. . . . We must consider that the form of the verdict is objected to for the first time on appeal. . . .

"As this record is presented for our consideration we are asked to convict the trial court of error on a point that court was given no opportunity to correct. It has been the uniform ruling of this court that the trial court must be given an opportunity, by specific assignment, to correct its own errors, and if not given that opportunity any assignment of alleged error will not be considered on appeal. . . .

"The office of a motion in arrest is to direct the attention of the court to errors apparent on the face of the record proper; . . . and *no defect* in the verdict can be considered on appeal unless there was a motion in arrest assigning such defect as error." (Italics ours.) This case was followed in Welch-Sandler Cement Co. v. Mullins (Mo. App.), 31 S. W. (2d) 86.

Yet, in Ruehling v. Pickwick-Greyhound Lines, 337 Mo. 196, 85 S. W. (2d) 602, we held that a verdict against the employer only in a *respondeat superior* case could not stand and reversed the case saying the point would be considered on appeal in the absence of any motion for new trial or in arrest of judgment.

In each of the following cases, Flint y. Sebastian, 317 Mo. 1344, l. c. 1364, 300 S. W. 798; State ex rel. Globe Indemnity Co. (Mo. App.), 2 S. W. (2d) 815, and Sanders v. Owens (Mo. App.), 47 S. W. (2d) 132, the form of the judgment or verdict was challenged on appeal. In each case the court held that the objection would not be considered on appeal in the absence of a motion in arrest.

Elsberry Drainage District v. Seerley, 329 Mo. 1237, 49 S. W. (2d) 162, was an action to recover delinquent drainage taxes. The point was raised on appeal that the court erred in allowing and adding to the judgment a penalty of two per cent per month. It was contended that the statute authorized the allowance of only one per cent. The court held the judgment proper but added: "Besides this, the defendants did not raise this point in the trial court by motion in ar-

rest, none being filed, or by their motion for new trial. This point, therefore, is not here for consideration."

Yet in Barber Paving Co. v. Field, 134 Mo. App. 663, 111 S. W. 907, the court said:

"Since it appears on the face of the judgment that the trial court erroneously imposed a penalty, the objection is not waived by the failure of the defendant to include it in his motion in arrest. (Citing cases.) For this error the judgment will be reversed and the cause remanded."

These cases demonstrate the fact that this court and the Courts of Appeals have continued throughout the years to recognize, to some extent at least, the motion in arrest of judgment as a necessary incident to the consideration of errors on appeal. It should be noted here that in several of the cases referred to the conclusion expressed is based on a statute enacted in 1822. (Laws 1804-24, p. 854, par. 57) providing that: "On an appeal or writ of error, no exception shall be taken to the proceedings at law, but such as have been expressly decided in the circuit court;" the cases holding that errors are not expressly decided which are not presented by motion and overruled. It will be noted hereafter that this statute (now Sec. 1061, Revised Statutes 1929) has been construed to apply to matters of exception and not errors appearing upon the face of the record. [Bateson v. Clark, 37 Mo. 31; Warren v. Lead & Zinc Co., 255 Mo. l. c. 144, 164 S. W. 206.]

The lack of harmony between these cases and those holding that errors apparent on the face of the record need not be raised by motion in arrest in order to authorize their consideration on appeal has been indicated. The conflict in principle is clear, as we shall presently note.

The rule that we will consider errors appearing on the face of the record although raised for the first time on appeal is of statutory origin. The statute upon which it is based first appeared in our statute law in 1822 (Laws 1804-24, p. 855, par. 58) in the following language:

"In all cases of appeal or writs of error, duly taken and entered in the Supreme Court, *it shall be the duty of the court to examine the record,* and to award a new trial, reverse or affirm the judgment or decision of the circuit court, or give such judgment as the said court ought to have given, as to them shall seem according to law; and when the facts in a special verdict may be insufficiently found, the Supreme Court may remand the cause, and direct another trial to ascertain the facts." (Italics ours.)

In the later adoption and revisions of our present Civil Code the substance of the quoted provision has been retained, it now being incorporated in Section 1063, Revised Statutes 1929, as follows:

"The Supreme Court, St. Louis Court of Appeals and Kansas City Court of Appeals, in appeals or writs of error, shall examine the record and award a new trial, reverse or affirm the judgment or decision of the circuit court, or give such judgment as such court ought to have given, as to them shall seem agreeable to law. . . . When the facts in a special verdict are insufficiently found, they may remand the cause and order another trial to ascertain the facts."

Throughout the life of this statute this court has held many times that errors appearing on the face of the record proper would be considered on appeal although no motion for new trial or in arrest of judgment was filed. [Carr & Co. v. Edwards (1821), 1 Mo. 137; Pratt v. Rogers (1837), 5 Mo. 51; Benton v. Lindell (1847), 10 Mo. 557; Bateson v. Clark, supra; West v. Miles (1845), 9 Mo. 167; State v. Matson (1866), 38 Mo. 489; Jones v. Tuller (1866), 38 Mo. 363; Peyton v. Rose (1867), 41 Mo. 257; Nordmanser v. Hitchcock (1867), 40 Mo. 178; Gray v. Payne (1869), 43 Mo. 203; Sweet v. Maupin (1877), 65 Mo. 65; McIntire v. McIntire (1883), 80 Mo. 470; St. L. K. C. & C. Ry. Co. v. Lewright (1892), 113 Mo. 660, 21 S. W. 210; State ex rel. v. Scott, 104 Mo. 26, 17 S. W. 11; Childs v. K. C., St. J. & C. B. Ry. Co. (1893), 117 Mo. 414, 23 S. W. 373 (reversed on another point in State ex rel. Conant v. Trimble, 311 Mo. 128, 277 S. W. 916); Lilly v. Menke (1894), 126 Mo. 190, 213, 232, 28 S. W. 643, 649, 994; State ex inf. v. Bland (1898), 144 Mo. 534, 46 S. W. 440; State ex rel. v. Thompson (1899), 149 Mo. 441, 51 S. W. 98; Nichols v. Dodson Lead & Zinc Co. (1900), 85 Mo. App. 584; Girdner v. Bryan (1902), 94 Mo. App. 27, 67 S. W. 699; Stid v. Railroad (1907), 211 Mo. 411, 109 S. W. 663; Paving Co. v. Field (1908), 134 Mo. App. 663, 111 S. W. 907; Frowein v. Poage (1910), 231 Mo. 82, 132 S. W. 24; Jones v. Lumber Co. (1913), 175 Mo. App. 26, 157 S. W. 864; Newton v. Railroad (1913), 168 Mo. App. 199, 153 S. W. 495; Joplin State Bank v. Heaton (Mo. App.), 180 S. W. 19; Pierson-Lathrop Grain Co. v. Britton (1918), 202 Mo. App. 591, 189 S. W. 584; Arcadia Timber Co. v. Harris (Mo. 1924), 285 S. W. 428; Schwettman v. Sander (Mo. App. 1928), 7 S. W. (2d) 30; Lowry-Miller Lumber Co. v. Dean (1930), 225 Mo. App. 299, 29 S. W. 736; Newman v. Weinstein (Mo. App. 1934), 75 S. W. (2d) 871, and Ruehling v. Pickwick-Greyhound Lines (1935), 337 Mo. 196, 85 S. W. (2d) 602.]

It would lengthen this opinion to an unreasonable and unnecessary extent to analyze all of these cases, since the theory upon which they are based may be demonstrated by the examination of only a few.

Pratt v. Rogers, supra, was an action for debt. A set-off was pleaded. The court found for plaintiff but failed to find the issue on the plea of set-off. In holding that this error could be raised on appeal in the absence of a motion in arrest the court took notice of

644

the statute providing "that no exception shall be taken to anything unless expressly decided on by the court below," but reasoned that this point was before the court for examination and decision and the court's failure to find the issue was equivalent to a decision that it was unnecessary to find it, hence the court expressly decided the point and therefore it was unnecessary to call it to the court's attention by motion in arrest.

Bateson v. Clark, supra, was a suit on a note. The objection was made on appeal that the petition was defective. The court held that the point should be considered, basing its ruling upon the finding that the provision of the statute, "no exception shall be taken . . . except such as shall have been expressly decided . . ." (then Sec. 33, Rev. Code 1855, p. 1300), related to matters of exception which arose wholly from the action of the court in the progress of the trial, such as the admission or rejection of evidence, the sustaining or overruling of some motion, the giving or refusing of instructions, etc., which were, strictly speaking, no part of the record unless made so by being incorporated in a bill of exceptions and which were not entitled to notice on appeal unless duly excepted at the time the error was committed. Referring to Section 35 of the same act (now Sec. 1063) the court asserted that by this provision it was the duty of the court to examine the record proper consisting of the petition, summons, all subsequent pleadings, the verdict and judgment and reverse the cause for error appearing on the face thereof, whether such error was excepted to or not.

In Sweet v. Maupin, supra l. c. 72, after reviewing a number of authorities the court held that it should review the action of the lower courts, in the absence of appropriate motions, only where the defect "apparent on the face of the record" is *fatal* in its character and that reversals should not occur for errors patent of record which were merely *formal* defects. The court observed that this conclusion was in entire consonance with Section 33, 2 Wag. Stat. 1067 (now Sec. 1062, Revised Statutes 1929) which expressly inhibits a reversal, unless "error was committed . . . materially affecting the merits of the action."

In McIntire v. McIntire, supra, the court said:

"It may be safely asserted that the appellate court will reverse for fatal error apparent on the face of the record, although no motion in arrest or for review has been made, such for instance as that the court has no jurisdiction of the cause or parties, or that the petition fails to state a cause of action. There may be defects and irregularities apparent of record, but the appellate court will not always reverse on account of them. It has refused to reverse for errors of misjoinder of parties and causes of action. (Citing cases.) When the defects and irregularities do not fall within the designation of material errors,

they cannot be taken advantage of in the appellate court, although patent of record, unless they have been brought to the attention of the trial court by appropriate motion or exception, as the case progressed.''

After referring to Sweet v. Maupin, McIntire v. McIntire and other cases, the court in Lilly v. Menke stated: ''This principle (that such errors will be considered on appeal) has more recently been reiterated by different members of this court until it would seem it ought now to be recognized as the settled practice.'' In a vigorous dissent BARCLAY, J., reviews a number of cases and concludes by observing that since the authorities supporting the rule followed in the majority opinion hold that many errors apparent on the face of the record proper are not reviewable unless presented first to the trial court by motion in arrest (referring to errors of form and immaterial matters) ''the result reached . . . is that, for some errors on the record proper, this court will reverse, without regard to whether or not such an issue was presented to the trial court; whereas, in other cases of error of record, it will not reverse. The only question on that point will be whether the court considers the particular error a great or a small one. The latter must be called to the notice of the trial court; the former need not be, to be reviewable in the appellate court.''

In Stid v. Railroad, supra, the court defined the office of the motion in arrest as follows: ''The office of a motion in arrest is said to be to call the court's attention to error patent of record. The error must be intrinsic to the record, and not *dehors* the record, and must be matter of substance as distinguished from matter of form. . . . When we consider the limited and humble office of a motion in arrest in the light of the authorities cited, it can be seen to be no *essential* element in an appeal. . . . The most to be said of such motion is that, if one be not filed and passed upon by the trial court, an appellate court will not consider matter of error to which the trial court's attention could only be called by a motion in arrest.''

The effect of the opinion of the court in Pierson-Lathrop Grain Co. v. Britton, 202 Mo. App. 591, 209 S. W. 331, was that the motion in arrest was wholly useless as an incident to an appeal.

In 3 American Jurisprudence, Appeal and Error, section 812, it is said that ''judgments are open to revision in an appellate court for errors patent upon the record though there was no motion in arrest of judgment or any exception taken in the trial court.''

2 Houts' Missouri Pleading and Practice, section 455, describes the function of a motion in arrest in modern practice as follows: ''While motion in arrest is a proper motion for the purpose of calling the attention of the trial court to any errors appearing upon the record proper, certain of such errors can be raised for the first time in the appellate court, and motions in arrest of judgment are not therefore

in all cases necessary as a step in appeal or writ of error involving errors in the record proper. Indeed in modern practice, motions in arrest of judgment have a very limited use." . A number of authorities are collected in the same work at Section 536.

From the great mass of material available on this subject we conclude that so long as Section 1063, Revised Statutes 1929, retains its present potency all errors appearing on the face of the record proper must be considered by the court on appeal although no motion in arrest was filed. By reason of Section 1062, Revised Statutes 1929:— "The Supreme Court, or Courts of Appeals shall not reverse the judgment of any court, unless it shall believe that error was committed by such court against the appellant or plaintiff in error, and materially affecting the merits of the action," reversals will result only from errors materially affecting the merits of the action. We see no reason for continuing the uncertainty surrounding the use, purpose and function of a motion in arrest in appellate practice. In that respect the motion is obsolete—made so by statute (Secs. 1062 and 1063), for it cannot be said that the office of this motion is to call attention to errors of substance appearing on the face of the record proper and at the same time assert that the motion serves any useful purpose *as an incident to an appeal* when the statute requires that the court consider such errors in the absence of such a motion. Neither can it be logically held that fatal errors of record will be considered on appeal in the absence of a motion in arrest but that immaterial matters or errors of slight importance, if called to the trial court's attention by such motion, may thereby become the basis for a reversal on appeal. The statute (Sec. 1063) makes no such distinction in directing this court to examine the record on appeal or writ of error and no such practice should exist. Immaterial errors should not and do not furnish a basis for reversal under any circumstance. Neither should there be any distinction between errors of form and of substance when the formal error be material or vital to the merits of the action. As stated in State ex inf. v. Bland, supra: "Courts are instituted for the enforcement of the laws." We add: "and to see that justice is done." [Secs. 1062 and 1063, supra.] That end would not be served by the reversal of causes for errors of no real consequence when raised by motion in arrest and the refusal to take such action when there was no such motion. "Errors of form" when understood to mean mere irregularities and non-prejudicial defects in the record, are the "formal" errors which, since the English Statutes of amendments and jeofails, could neither be raised by motion in arrest under the common law nor furnish the basis for reversal under our Code of Procedure. From the conclusions stated it follows that those cases which hold expressly or by implication that errors appearing upon the face of the record proper will not be considered on appeal when not

raised by motion in arrest should be no longer followed. We will consider all such errors on appeal in the absence of such motion but reversals will result therefrom only when substantial justice requires that action.

Pursuant to the conclusions expressed above we proceed to a consideration of the error appearing upon the face of the record before us. If that error materially affects appellant's rights the judgment must be reversed. The error is obviously a typographical error which the trial court properly corrected in its judgment. Reference to that part of the commissioners' report quoted in the foregoing statement discloses that the commissioners determined the "b" described parcel to be of no value, because, after fixing the total amount of damages the report states: "and again the 'b' described parcel of land we assess nothing on account of such vacation; . . ." Parcel "b" had been a part of a public street and by this proceeding was to become private property. If, as private property, it had a value the reasonable assumption is that the commissioners would have charged it with a benefit and by not doing so decided that, standing alone, it was of no value. If it was of no value as private property, how could any reasonable mind be led to the conclusion that it had received a benefit of $34,330 as private property. But that is not the only circumstance upon which our conclusion is based. Tract "c" included parcel "b" and consisted of all the remainder tract owned by appellant. It was the only tract to which any benefit could accrue on account of the improvement since tract "a" was taken for right-of-way, tract "b" was of no value standing alone, and, as stated, constituted a part of tract "c." This assessment could not therefore have been intended to apply to any other tract than "c." This further circumstance is of some moment: the report provides that the city shall recover the sum of $24,130 (the total amount of benefits less the total damages) "against the lot or parcel assessed," referring of course to tract "b" (if the report was correct) thereby furnishing as the sole possible means of recovery of the total net benefits a possible execution against tract "b." However loath we may be to exercise our independent judgment in matters of this kind when we have the bare record without explanation for guidance, it requires too great a stretch of the imagination for anyone—even a court—to arrive at the conclusion under the circumstances presented that tract "c" was to be assessed no benefits and the insignificant, worthless tract "b" was benefited $24,130 and was to furnish the sole source of recovery of that amount to the city.

It was held in St. Louis v. Busch, 252 Mo. 209, l. c. 218, 158 S. W. 309, that under the Charter of the City of St. Louis:

"The report of said commissioners may be reviewed by the circuit court on written exceptions . . . and the court shall make such

,order therein as right and justice may require and may order a new appraisement upon good cause shown. . . . That the court might, under this provision, exercise its inherent power to cause clerical errors to be corrected is hardly disputable."

,The trial court had the power to correct the clerical error and properly exercised that power. The judgment should be affirmed. It is so ordered.

The foregoing opinion by COLLET, J., in Division One is adopted as the opinion of the Court en Banc. All concur.