## CITY OF ST. LOUIS v. AUGUST A. BUSCH et al.; SARAH E. COLEMAN, Appellant.

### Division One, July 10, 1913.

1. **CONDEMNATION: Correcting Commissioners' Report: Relates to Time of Filing Original.** The circuit court of the city of St. Louis has the right to direct a correction of errors of form in the report of commissioners in condemnation proceedings; and the correction or amendment when made should be held to relate back to the filing of the report, not to change the report into a new one.

2. ————: ————: ————: **Report to City Council.** By the charter of St. Louis it is provided that when the report of commissioners in condemnation proceedings is filed the circuit court shall give the city, upon application of the city counselor, reasonable time to report the result of the same to the assembly. *Held,* that such provision does not require a second report of a commissioners' finding after it has been corrected as to form merely, and, aside from that, since in this case no such application was made by the city counselor after the correction, the failure of the court to grant, on its own motion, additional time, is not a weapon appealing property-owners can use to destroy the judgment.

3. **APPEAL: Non-prejudicial Error.** An appellant cannot complain of an error by which he is not prejudiced.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Williams,* Judge.

AFFIRMED.

252 Mo.—14

*J. L. Hornsby* for appellant.

(1) The judgment of the circuit court is void: (a) Because the judgment purports to confirm the report of the commissioners, filed May 7, 1909, although at the time said judgment was rendered said report had been withdrawn by leave of court, and was no longer before the court, and a subsequent report had been filed by said commissioners on June 11, 1909, to which later report appellant had filed her exceptions, being the exceptions overruled by the court. (b) Because no time was given by the court to the city of St. Louis "to report the result of the same to the Municipal Assembly for its information and approval," as required by the city charter. Charter, art. 6, sec. 9. (c) Because in said judgment the circuit court attempts to render a special judgment in favor of the city of St. Louis, plaintiff, for the benefits assessed against the defendants, and to create a special lien against the several parcels of land benefited, and orders special execution against such parcels of land in favor of the plaintiff for the amount of such benefits. City v. Brinckwirth, 204 Mo. 280. (d) Because there was no evidence before the court of the approval by the municipal assembly of the report of the commissioners, as required by the city charter, in order to authorize the court to act upon the commissioners' report. Charter, art. 6, sec, 9. (2) The recitals in the judgment of the circuit court as to the evidence offered in the case, if in conflict with the bill of exceptions, must be controlled by the latter. 2 Ency. Pl. & Pr., p. 437n; Newson v. Grey, 109 Ala. 305; Rogers v. Diamond, 13 Ark. 474; Anderson v. Field, 6 Ill. App. 313; Lonkey v. Keyes S. M. Co., 21 Nev. 318; Ezzell v. State, 29 Tex. App. 521; Schlachter v. Church, 105 N. W. 279. (3) Where a special statutory authority is exercised, although by a court of common law jurisdiction, all the facts essential to

authorize the action of the court must appear by the record on appeal; they will not be supplied by presumption. Ellis v. Railroad, 51 Mo. 203; Railroad v. Campbell, 62 Mo. 588; Tarkio v. Clark, 186 Mo. 289; 2 Ency. Pl. & Pr., p. 452. (4) The question of the jurisdiction of the circuit court to render judgment in this cause is before this court, whether raised in the lower court or not; such question of jurisdiction is never waived. Hudson v. Cahoon, 193 Mo. 547; Paddock v. Somes, 102 Mo. 226.

*Lambert E. Walther* and *E. E. Percy* for respondent.

(1) There is only one commissioners' report in the case, and therefore the judgment is valid. The amendment made to the commissioners' report was for the purpose of correcting a clerical error in the wording of said report, and as it had no effect upon the result found by the said commissioners, did not have the effect in law of the filing of a new report. Lewis on Eminent Domain (3 Ed.), sec. 641, p. 1106-7; In re Washington St., 19 R. I. 159. Having once filed their report, their power over it is gone, and they are *functus officio*. If a new report is to be made, a new appointment is necessary by the court. The amendment, not being in the nature of a new report, the original report must stand as the report in the case, and the judgment in this cause must confirm the original report filed on May 7, 1909. (2) The judgment is in proper form. (a) The court properly entered judgment against this appellant, for benefits accruing to the property of said appellant remaining by reason of the proposed improvement, her predecessor, in title having been duly summoned in court, and having had their day in court, having filed exceptions, having litigated the questions as to the regularity of such assessments of benefits before a court of competent juris-

diction, the court had authority to enter judgment therefor, deducting the benefits from the damages awarded. Sec. 11, art. 6, Charter. (b) Special benefits may be considered in estimating the damages to the remaining portion of the property of an owner by reason of the taking of a portion thereof. Lewis on Eminent Domain (3 Ed.), secs. 691, 693; McElroy v. K. C. & I. Air Line, 172 Mo. 555. Because the commissioners under the requirements of the charter have separated the benefits accruing to the property and did not deduct the amount in the first instance from the damages, does not affect the character of the assessment. (c) In a case of this character, the appellant cannot complain of alleged defects in the judgment affecting the property of other persons in which he has no interest. St. Louis v. Lanigan, 97 Mo. 180. (3) The appellant's bill of exceptions, filed in this cause, shows the certificate of the clerk of the House of Delegates and the secretary of the council, to the effect that the municipal assembly had approved the report of the commissioners, and no objection or exception appears in the bill of exceptions to this evidence. The judgment in this case recites the fact that the municipal assembly, within the time limited by the court, approved the report of the commissioners, and this judgment is conclusive on the question of fact as to such approval. The appellant's predecessor in title, the Commonwealth Trust Company, took the position in the trial court by going to trial upon the exceptions that the municipal assembly had approved the report of the commissioners. Sec. 9, art. 6, Charter. The appellant, who holds under deed from the Commonwealth Trust Company, having acquired her rights during the pendency of the suit, is bound by this position. A party cannot take one position in the lower court and shift that position in the appellate court. Tomlinson v. Ellis, 104 Mo. 112; Nancy v. Metcalf, 19 Mo. App. 190. (4) The court below was conversant

with the circumstances of the amendment to the commissioners' report and the exact nature thereof, and the appellate court being a court for the review of errors will indulge the presumption that the court below acted properly, unless there is something in the record showing otherwise. City v. Lanigan, 97 Mo. 179. (5) Errors of a lower court made subsequent to a determination of facts by the triers of the facts will not be ground for a reversal of a cause. When such errors appear, the Supreme Court will merely remand the cause with specific directions to the lower court to proceed to enter a judgment in the proper way upon the verdict, or in a condemnation case upon the commissioners' report filed and approved. Treadway v. Johnson, 39 Mo. App. 176; Hurck v. Erskine, 50 Mo. 116; Peterson v. Beha, 161 Mo. 513; Chouteau v. Allen, 74 Mo. 56; Phillips v. Evans, 64 Mo. 24; Reed v. Colp, 213 Mo. 588; Lamont v. Egg Co., 109 Mo. App. 56; State v. Gordon, 153 Mo. 576. (6) Appellant does not complain of any error materially affecting the merits of this action, and her appeal should be dismissed. Sec. 2082, R. S. 1909.

BLAIR, C.—This proceeding was instituted in the circuit court of the city of St. Louis to open Louisiana avenue from Merame street to Neosho street. There were thirty original defendants and about three hundred other persons against whom benefits were assessed.

The regularity of the proceedings prior to the filing of the report of the commissioners is not questioned. That report was filed May 7, 1909, and by it damages were awarded to the Commonwealth Trust Co., trustee, and Pelagie Taylor, impleaded as the owners of the several interests in a parcel of land in U. S. Survey 74, Carondelet Common Fields, St. Louis, through which parcel

*Condemnation: Report of Commissioners Ordered Corrected.*

the proposed extension of Louisiana avenue passed. On the application of the city counselor plaintiff was granted until May 20, 1909, to report the result of the awards to the municipal assembly for its information and approval. On May 14 exceptions were filed, in one of which it was alleged that the commissioners had allowed the above named defendants no damages for injury to the severed parts of the parcel owned by them as stated, i. e., that the damages awarded were solely for that part of the parcel taken for use as part of the proposed new street.

June 11, 1909, the court gave plaintiff leave to withdraw the report of the commissioners for correction and on the same day the corrected report was filed. What the correction was the record does not show, though respondent's additional abstract contains the statement that it was purely clerical.

New exceptions were filed by the same defendants, like those filed May 14, except that the correction made is alleged to have been sufficient to make the report show an award for damages both for the part taken and for the injury to the residue. Respondent brings here that part of the report relating to the award of damages to the parcel mentioned and it clearly shows a sufficient assessment by the commissioners. This is from a report shown to have been sworn to on April 28, 1909. October 1, 1909, a hearing was had on the exceptions. Evidence was offered, pro and con, on the question as to the sufficiency of the damages awarded the defendants named, both for the parcel condemned and for the injury done the severed parts of the original tract. The city also offered evidence tending to show that in making their award the commissioners had taken into consideration all proper elements of damages to exceptors' property. The court, on October 11, overruled the exceptions. On November 3, 1909, evidence that the assembly approved

the report in proper time was filed, and the court rendered judgment, prefacing it with this:

"Now on this day this cause coming on to be heard upon the report of the commissioners, filed May 7, 1909, comes plaintiff by its attorneys," etc. "It is therefore considered, ordered and adjudged, that said report be and the same is in all things approved, confirmed," etc. No objection to the form of the judgment is suggested. On November 5, appellant was, on her motion, made a party defendant on the ground that she had purchased from the Commonwealth Trust Company, the property which, as above stated, it had previously held as trustee for Pelagie Taylor. November 5, 1909, she filed her motion for new trial and this being overruled she appealed.

Appellant contends "that the judgment of the circuit court is void" because (a) it purports to confirm the commissioners' report filed May 7, 1909, and that report had been withdrawn and superseded by one filed June 11, 1909; (b) no time after June 11, 1909, was given the city in which to report the result to the municipal assembly for its information and approval, and (c) there was (it is asserted) no evidence of the assembly's approval of the result of the commissioners' report, and (d) the court attempted to render a special judgment in favor of the city and against defendants for benefits assessed, and to create a special lien and award special execution against property benefited.

I. The allegations in the exceptions to the effect that the commissioners had not allowed the Trust Company and Pelagie Taylor any damages except for that part of their property actually taken do not prove themselves nor did they constitute any evidence of the facts alleged. No evidence of any substantial defect in the report was offered and the record here

*Correcting Report in Matters of Form.*

shows none. Appellant does not abstract any report of the commissioners and does not show what correction was made under the leave granted June 11. Her argument assumes that whatever the correction was its effect was to destroy the report filed May 7, and on that assumption proceeds to the conclusion that since the judgment purports to be based upon that report, it also is absolutely void.

There being nothing to show what correction was made and the trial court having acted upon the report and treated it as unaffected by the correction, the usual presumption supporting rulings and judgments of trial courts leaves, on this branch of the case, but the single inquiry whether the circuit court in a case of this kind can permit any sort of correction to be made in the report of the commissioners without eliminating that report and, by the correction permitted, bringing a new one into existence.

In Long v. Talley, 91 Mo. l. c. 309, it was held that in proceedings in the county court to establish a public road that court had the power to require the commissioners to amend their report in particulars in which it was not sufficiently specific. It was said such report occupied the position of a verdict and was amendable on the principle warranting amendments of verdicts.

In Woolsey v. Tompkins, 23 Wend. l. c. 327, the court had under consideration the question of the right of commissioners in proceedings to lay out a road to amend clerical errors in their report and in an opinion by Chief Justice NELSON the court said:

"But I perceive no objection to the amendment made. The reversal of the order of the commissioners and determination to lay out the road were quasi-judicial acts, and could not be reviewed or altered by the judges; but making up the record of the proceedings was immaterial. It would be strange if a slip in doing so must be fatal. In the administration of jus-

tice in courts of record, it is a matter of course to amend clerical errors; indeed, there is scarcely a paper or record in the proceedings there but at this day is amendable. Absolute accuracy is beyond human care and power; and the most intolerable confusion and mischief would ensue a denial of this right there, or in all like proceedings.''

In Pott's Appeal, 15 Pa. St. l. c. 416, a proceeding to lay out a public road, the Supreme Court of Pennsylvania said:

''The exceptions filed to the action of the court below are entirely destitute of merits, and we deem it necessary thus to notice them particularly, only to express our approbation of the course pursued in sending their report back to the viewers for correction in a point not touching the propriety of laying out the road in question. It was done in pursuance of a recommendation I ventured to suggest in the case of the Towamencin Road, 10 Barr, 195. That recommendation was founded in experience of the vexatious trouble, expense, and inconvenience to which parties were frequently put by the practice of setting aside reports of reviewers, upon mere technical grounds, not in any degree touching the merits of the controversy. It frequently happened that, after years of struggle, accompanied by the bitterness of feeling too apt to accompany these discussions, a report of re-reviewers was set aside for some trifling omission of form, such as occurred in this instance—neglect to note improvements on the draft—and the parties left just where they had begun; and thus the strife was renewed, possibly again to end in the same way. Every one, with the least practical knowledge of this subject, must have felt this to be an evil, of which the case before us is a pregnant example.''

Mr. Lewis in his treatise on Eminent Domain, vol. 2, sec. 641, recognizes the same doctrine. All these authorities and others (Cambria Street, 75 Pa.

St. l. c. 363; Boyer's Road, 37 Pa. St. l. c. 259; Greenville & Columbia Railroad v. Nunnamaker, 4 Rich. 107) recognize the distinction between setting aside a commissioners' report and sending it back to them to correct some clerical error or matter of form.

In this last cited case (l. c. 111) the applicable statute provided that the commissioners must take into consideration "the loss or damage" and also "the benefit or advantage" resulting to the land owners and "state particularly the nature and amount of each." The report in this case failed to "set out the particulars of damage as required by the act," and a motion was filed to set aside the report on that ground. Upon the question thus raised, the court said: "But the omission was an informality which may be amended by requiring the commissioners to supply, in the return which they have made, the particulars of the damage which they assessed. The motion was, not to amend, but to set aside the return and vacate the proceedings of the commissioners, in order that the subject should be recommitted to them, or to others to be appointed in their stead. The return cannot be set aside unless the commissioners proceeded illegally or wrongfully in making the valuation. If their proceedings be regular and conformable to the direction of the act, but the return be incomplete, the proper course is to order the return to be amended, not set aside."

It is provided in section 7 of article 6 of the charter of the city of St. Louis that: "The report of said commissioners may be reviewed by the circuit court on written exceptions . . . and the court shall make such order therein as right and justice may require and may order a new appraisement upon good cause shown . . ."

That the court might, under this provision, exercise its inherent power to cause clerical errors to be corrected is hardly disputable; and that the court's

discretionary power (St. Louis v. Buss, 159 Mo. l. c. 13) to award a new appraisement could only arise upon good cause shown is the clear meaning of the charter. No new appraisement or recommitment was asked or awarded, but the order was simply that the report might be corrected, doubtless in a matter of form, and not that a new, or additional, or supplementary report might be filed. In such circumstances it is right that the correction or amendment thus made should be held to relate back to the filing of the report, not to change the report into a new one. There is authority for this conclusion. [In re Washington Street, 19 R. I. l. c. 159, 160.] If this is not correct, then it would appear that the inherent power of the circuit court to correct clerical errors, or to cause them to be corrected, is subject to the limitation that it does not exist in condemnation proceedings. There is no reason to think this true, and this court was not of that opinion in Long v. Talley, supra. The fact that the proceeding is one *in invitum* is of no consequence, since the requirement that in such proceedings every command of the law must be obeyed in no wise conflicts with the power of the court to cause the record and proceedings to speak the truth when some clerical misprision has caused it to speak something else.

II. So far as concerns the failure of the record to show, on or after June 11, a second reference of the report to the municipal assembly, it will suffice to say that since the correction made did not change in the least the amount of damages awarded, and related back to the filing of the original report, the granting of additional time was not necessary. Further, without discussing whether in any circumstances appellant could raise this question, the city not complaining, it may be added

**Report to City Council: Charter Provisions of St. Louis.**

that the charter requirement (Sec. 9, art. 6) is that when the commissioners' report is filed "the court shall give to the city of St. Louis, *upon application of the city counselor,* reasonable time to report the result of the same to the assembly;" and since no such application was made by the city counselor after the correction was made, the failure of the court to grant, on its own motion, additional time is not a weapon appellant can now use to destroy the judgment. The contention that there was no evidence of the approval of the report is based upon the assumption that the report of June 11, 1909, was an entirely new report and falls with that assumption.

III. With respect to the assignment that the court rendered judgment making the benefits assessed a special lien and awarding a special

**Non-prejudicial Error.** execution against the property benefited, which, it is contended, runs contrary to the rule announced in St. Louis v. Brinckwirth, 204 Mo. 280, it is sufficient answer that the judgment attempts to fix no such lien on appellant's property and awards no such execution against her. The error, if any, could not and did not affect appellant, and the 'general rule, that an appellant cannot complain of an error by which he is not prejudiced, is entirely applicable in a case of this kind; and so it has been held heretofore. [St. Louis v. Lanigan, 97 Mo. 1. c. 180.]

The questions raised are purely technical. Appellant took title subject to these proceedings (So. Ill. & Mo. Bridge Co. v. Stone, 174 Mo. 1. c. 35) and after the report was corrected her predecessors in title had been accorded a fair hearing on the question of the sufficiency of the damages awarded. On the evidence the court found the amount allowed, which amount was not affected in the least by the correction, was sufficient to compensate for all damage inflicted. The sufficiency of the evidence to support this finding is

not questioned. The court acted on the report before it (Lemp v. Lemp, 249 Mo. l. c. 305) and there was never actually but one report in the case.

If this judgment was reversed and the cause remanded on the grounds urged, the sole effect would be to require the trial court to base its judgment on the report as corrected, there being no complaint of any irregularity prior to the correction.

Since the damages awarded and benefits assessed were wholly unaffected by the correction, and since a trial of the justice of these has been had, and there was not in any event any error in failing to grant further time for a report to the assembly, the sole practical question really is whether this court, in the circumstances of this case, will reverse this cause in order to compel the trial court to change the reference in the judgment to the date of the commissioners' report from "May 7th" to "June 11th." The answer to that question is that the judgment is affirmed. *Brown, C.,* concurs.

PER CURIAM.—The foregoing opinion of BLAIR, C., is adopted as the opinion of the court. All the judges concur.