**UNION ELECTRIC COMPANY, Plaintiff-Appellant,**

v.

**Raymond J. STAHLSCHMIDT, Dorothy Stahlschmidt et al., Defendants-Respondents.**

**No. 49544.**

Supreme Court of Missouri.

Division No. 1.

March 11, 1963.

Robert V. Niedner, Niedner, Niedner & Moerschel, St. Charles, for appellant.

J. O'Connell Hough, Hough, Hormberg, Butler & Abels, Clayton, for respondents.

HOLMAN, Commissioner.

In this condemnation case the commissioners appointed by the circuit court awarded defendants the sum of $47,500 for the taking of their 68-acre farm and both plaintiff and defendants filed exceptions to that award. In the subsequent jury trial a verdict was returned for defendants in the sum of $42,000. Thereafter, the trial court sustained defendants' motion for a new trial upon the sole ground that the court had erred in giving Instruction No. 1, at plaintiff's request, in that it misdirected the jury "with respect to the date on which the fair market value of defendants' property should be determined." Plaintiff has duly appealed from said order granting defendants a new trial.

The farm in question is located in St. Charles County and is from ¾ to 1½ miles from both the Missouri and Mississippi Rivers. It constitutes a part of a 990-acre tract which plaintiff has acquired (both

by condemnation and purchase) as a site for a power plant. Plaintiff's witnesses fixed the market value of defendants' farm at amounts ranging from $25,500 to $39,163. On the other hand, defendants' witnesses placed the value at amounts ranging from a minimum of $85,000 to a maximum of $127,000. Since plaintiff desires that the $42,000 judgment be reinstated, and since defendants' evidence would support a judgment which would exceed $42,000 by much more than $15,000, we have appellate jurisdiction by reason of the amount in dispute. See Art. V, § 3, Constitution of Missouri, 1945, V.A.M.S., and § 477.040 RSMo 1959, V.A.M.S.

The petition in this case was filed on September 13, 1960. The appointment of commissioners was delayed by reason of the fact that defendants contested plaintiff's right to condemn. After their motion for judgment was overruled defendants sought a writ of prohibition in the St. Louis Court of Appeals which was subsequently denied. However, the commissioners were appointed on December 21, 1960, and they filed their report on the same day. The award of the commissioners was paid into court by plaintiff on December 27, 1960. As stated, both parties filed exceptions and the cause was tried in February 1962.

The sole question for our determination is whether the court committed prejudicial error in instructing the jury that the value of defendants' farm should be determined as of September 13, 1960. Defendants contend that the jury should have been instructed to make the evaluation as of the date of taking, i. e., December 27, 1960.

■ Prior to the adoption of our new civil rules, which became effective on April 1, 1960, it was well settled that in a case of this kind the date of taking was the date that the amount of the award was paid into court, and that the value of the land should be determined as of that date. See City of St. Louis v. International Harvester Co., Mo.Sup., 350 S.W.2d 782, and cases cited therein. However, we think it is clear that under Civil Rule 86.06, V.A.M.R., as originally adopted, the valuation, under the situation here presented, would have been made as of September 13, 1960, the date the petition was filed. Prior to the trial of this case, however, effective November 1, 1961, Civil Rule 86.06 was amended to provide that where the award is paid within one year thereafter, the evaluation date shall be "the date the assessment is made" which, in the case before us, would have been December 21, 1960. Notwithstanding that amendment plaintiff contends that the court was warranted in using the date specified in the original rule because, under Civil Rule 41.08, V.A.M.R., in the event of an amendment, the court, in a case pending on the effective date thereof, could use the original rule if it was of the opinion that it "would not be feasible or would work injustice" to use the new provision. That contention may not be sustained because we find nothing in the transcript to indicate that the court made the quoted finding in this case. As indicated, we are of the opinion that, in the absence of a finding in accordance with Civil Rule 41.08, the proper date for the assessment of the value of defendants' farm was December 21, 1960.

■ We do not think, however, that defendants were prejudiced by, or are in a position to complain of, the use of September 13, 1960 (the date the petition was filed) in Instruction No. 1.

In that connection it should be noted that the period of time elapsing between September 13 and December 21 was relatively short, and in the absence of some unusual development it is not likely that defendants' property increased appreciably in value during that interval. No contention was made during the trial that the property had increased in value during that time and, in fact, defendants' counsel tacitly conceded that it had not. We base this latter conclusion on the fact that at one time when the court and counsel were discussing the date of taking, the following transpired: "Mr. Niedner: I think the record will show-

the petition was filed September 13. Mr. Butler: I believe the order condemning the real estate was entered December 21, 1960, although I don't think it's real important for our purpose here. This is the report you gave Judge Romjue. Mr. Niedner: Yes, and that report is correct. The date at which you evaluate property is the date of the filing of the petition unless * * * The Court: Is there any contention that the property changed radically from September to December? Mr. Niedner: I don't know. I don't think there is. Mr. Butler: I'll rephrase the question. Based on your experience, do you have any opinion as to the best market value, best adaptability, of this property as of September 1960?" From the above it will be noted that (1) defendants' attorney stated that he did not think the date was "real important for our purpose here", (2) when the court asked if it was contended that the property had "changed radically [in value] from September to December" counsel for defendants did not respond, thus indicating by his silence that he was not making such a contention, and (3) without any ruling by the court defendants' counsel then rephrased his question so as to elicit from the witness the value in September.

While on three occasions during the trial counsel for defendants expressed the view that December 21 was the valuation date, it nevertheless abundantly appears that both sides actually tried the case throughout upon the theory that the time of valuation was September. There were six witnesses (three on each side) who expressed opinions as to the value of this farm. No specific date was used in examining one of defendants' witnesses. However, all of the other five experts expressed their opinions as to the value in September 1960. Defendants' counsel used that date repeatedly in examining his witnesses, in cross-examining plaintiff's witnesses, and in his argument.

On one occasion the court indicated that it would not permit defendants to show by one of their witnesses the sale price of an allegedly comparable tract of ground because the sale was made after the taking of defendants' property. At that point the following occurred: "Mr. Butler: Your Honor, I think at this time we had better have a ruling on when the time of taking was in the Stahlschmidt place. It has become pertinent at this time, whether it was September or December, because these sales were made in the interim. The Court: It's my understanding that the taking under the law as it existed at the time this suit was filed is as of the date of the filing of the petition, which is September 13. Mr. Niedner: That's my understanding of the law. Mr. Butler: We had quite some time transpire before the filing of the petition. We even had writs of prohibition. * * * The Court: I believe the time of the taking in this case is September 13, 1960."

After the court made the last-quoted ruling as to the date of taking, the attorney for defendants did not protest further or endeavor to point out why the ruling was wrong. He acquiesced therein and continued to try the case upon the theory that September 13 was the valuation date. Defendants say in their brief that they were prejudiced by said ruling because it precluded them from offering evidence in regard to comparable sales between September 13 and December 21. We do not think the exclusion of that evidence may be considered in connection with the alleged error in using an incorrect date in Instruction No. 1. If defendants thought the court was in error in excluding evidence of a comparable sale after September 13 they should have made an offer of proof and thus have preserved that alleged error for appellate review. This they did not do. Under the circumstances, that matter is not before us for determination.

Another instance which occurred prior to the time the court ruled on the date of taking, and which tends to show that defendants' counsel acquiesced in the view of plaintiff's attorney on the date of the taking,

appears in the following: "Mr. Niedner: Do you know of your own knowledge how many buildings there were on that tract in September 1960? Mr. Butler: Object. We're talking about September 1960. I think we should tell them what that date means. Mr. Niedner: September 1960 was the time when the suit was filed. Mr. Butler: It's the time of taking. The Court: Overruled. Mr. Niedner: The evaluation is as of the time the suit was filed, as I understand the law. Do you know how many buildings there were at that time? A. It's my understanding—"

In urging that we affirm the trial court's order the defendants point to the rule that where the trial court sustains a motion for a new trial this court will be liberal in upholding the trial court's action. Reichmuth v. Adler, 348 Mo. 812, 155 S.W.2d 181. While we fully agree with that rule we are nevertheless of the opinion that where, as here, it is manifest that the matter complained of did not constitute prejudicial error, the order granting a new trial should be reversed.

In summary, as heretofore indicated, we rule that defendants were not prejudiced by reason of the date specified in Instruction No. 1 because (1) there was no contention that there was any increase in the valuation of the farm between September 13 and December 21, (2) defendants' counsel acquiesced in the view of counsel for plaintiff and the court that September 13 was the proper valuation date, and (3) the case was tried by both sides (with the exceptions heretofore noted) upon the theory that September 13 was the appropriate date. Hall v. Martindale, Mo.App., 166 S.W.2d 594 [23]; Marr v. Marr, 342 Mo. 656, 117 S.W. 2d 230 [1]; City of St. Louis v. Busch, 252 Mo. 209, 158 S.W. 309 [5]; State ex rel. State Highway Commission v. Baumhoff, 230 Mo.App. 1030, 93 S.W.2d 104 [14].

The trial court's order granting a new trial is reversed and the cause is remanded with directions to reinstate the verdict and judgment.

COIL, C., not participating.

HOUSER, C., concurs.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.