CITY OF CARTHAGE,
Plaintiff-Respondent,

v.

FAIRVIEW REALTY AND DEVELOP-
MENT COMPANY, A Missouri Cor-
poration, Defendant-Appellant.

No. 12192.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 12, 1981.

David C. Dally, Carthage, for plaintiff-respondent.

William J. Fleischaker, Joplin, for defendant-appellant.

PREWITT, Presiding Judge.

Plaintiff filed a condemnation petition to acquire ownership of a lot owned by defendant. Previous to the commissioners' report being filed, defendant's attorney filed an entry of appearance and served a copy upon plaintiff's attorney. On June 4, 1979, the sheriff served a copy of the report of commissioners on the registered agent of defendant. Defendant filed exceptions to the commissioners' report on July 3, 1979. On November 2, 1979, plaintiff filed a motion to dismiss the exceptions, contending they were not timely filed. The trial court sustained defendant's motion and dismissed the exceptions on March 4, 1981.

The trial judge found that notice of the commissioners' report was not served on or given to defendant's attorney by the circuit clerk or the sheriff. Seven days after sustaining the motion to dismiss, the court amended its order, stating that it "finds that on June 4, 1979 Atty for Def requested by letter a copy of the report of Commissioners and had knowledge that the report was filed." That letter is not in the record before us.

Rule 86.08 provides that after the commissioners file their report "the clerk of the court wherein it is filed shall notify the parties of such filing. Said notice shall be given, if possible, in the manner provided by Rule 43.01". It further provides that written exceptions may be filed "within ten days after the service ... of the notice aforesaid." Defendant contends that the notice had to be served on its attorney according to Rule 43.01(b), and that the time for filing exceptions under Rule 86.08 does not start until that occurs. Rule 43.-01(b) provides that where "service is required or permitted to be made upon a party represented by an attorney of record, the service shall be made upon the attorney unless service upon the party himself is ordered by the Court." The court did not order service upon defendant.

As we do not have before us the letter of June 4, 1979, from defendant's counsel to

the clerk, or anything in the record contrary, we presume that the court's finding that defendant's attorney had actual notice on June 4, 1979, of the filing of the commissioners' report, was properly based upon the record. See *Henneke v. Strack*, 101 S.W.2d 743, 746 (Mo.App.1937). Defendant contends that actual notice of the filing of the report is irrelevant because the time for filing exceptions to the report runs from the date of proper service, not from the date the report was filed.

We are not cited by the parties to any case in Missouri or other authorities which indicate whether the requirement of service upon the attorney is mandatory or directory nor whether actual notice would suffice or cure any defect in the service. No question of waiver prior to the filing of the exceptions is presented. Our research has led to authority which we believe is persuasive. In *Biaett v. Phoenix Title & Trust Co.*, 70 Ariz. 164, 217 P.2d 923, 925–926, 22 A.L.R.2d 615 (1950), a provision providing for service upon an attorney, almost identical to that part of Rule 43.01(b), in question here, was held to be mandatory and to require service upon an attorney. Judgment on a crossclaim was held invalid because the crossclaim was served on the client, rather than its attorney, the court holding that the provision providing for service on the attorney must be "literally construed and strictly applied." 217 P.2d at 926.

In *Copeland v. Brennan*, 414 F.Supp. 644 (D.D.C.1975), a government agency sent notice to plaintiff informing her that it had made a final disposition of her complaint. No notice was sent to her attorney as required by Civil Service Commission regulations. By statute plaintiff had 30 days after notice was received to take the matter to district court. Her district court action was filed more than 30 days after she received the notice. The court held that notice on her alone was ineffective and that the suit was timely filed.

Notice sent to a receiver rather than his attorney is insufficient because it is not in compliance with Rule 5(b) of the Federal Rules of Civil Procedure. *In re Hewitt Grocery Co.*, 33 F.Supp. 493, 494 (D.Conn. 1940). Under that rule "The requirement of service on the attorney is to be followed literally; service upon a party represented by an attorney does not comply with the rule." 4 Wright and Miller, Federal Practice & Procedure, § 1145, p. 583 (1969). See also 71 C.J.S. Pleading § 413, p. 846.

We hold that service on the attorney was mandatory under Rule 43.01(b) and service on the client insufficient. Until there is proper service, the time for filing exceptions under Rule 86.08 does not commence running. Actual notice that the report has been filed cannot start the time running where the rule provides that it starts upon service of the notice. The service here was tantamount to no service. Filing the exceptions might be a waiver of service and dispense with its necessity, but the waiver would only be effective from the filing of the exceptions and would not relate back to the time of the defective service. Defendant's exceptions were timely filed. The order dismissing defendant's exceptions is reversed and the cause remanded for further proceedings.

MAUS, C. J., and HOGAN and BILLINGS, JJ., concur.