CITY OF SIKESTON, a municipal corporation, Respondent,

v.

ROLANCO, INC., et al. (Tract II) Hunter Land, Inc., a Missouri corporation, Appellant.

No. 12655.

Missouri Court of Appeals, Southern District, Division Three.

April 26, 1983.

David Antognoli, William F. Meehan, P.C., Cairo, Ill., for appellant.

Daniel S. Norton, Norton & Winchester, Sikeston, for respondent.

CROW, Presiding Judge.

Hunter Land, Inc. ("the corporation") appeals from an order striking its exceptions to the report of the commissioners in this condemnation action.

No transcript was filed. We extract the facts from the briefs, Rule 84.04(a)(2),[1] and the legal file, Rule 81.12(a).

On October 6, 1980, and December 1, 1980, the Council of the City of Sikeston ("condemnor"), a city of the third class, § 72.030, RSMo 1978, passed ordinances authorizing acquisition, by condemnation, of certain tracts of land in Scott County for

---

1. Rule references are to Missouri Rules of Civil Procedure.

improving and extending the runways of condemnor's municipal airport. The subject of this appeal is a tract included in the ordinance of October 6, 1980. The tract is referred to as Tract II in condemnor's petition, and we use the same designation. The ordinance of October 6, 1980, took effect the date the Council passed it. On that date the record owners of Tract II were Frances M. Hunter and W.P. Hunter ("the Hunters").

On December 4, 1980, a "memorandum" was recorded in the office of the recorder of deeds of Scott County. The memorandum evidently recited that on May 1, 1980, the Hunters, as sellers, had entered into an agreement to execute a warranty deed to Tract II to four individuals, as buyers.[2] The corporation's brief characterizes the agreement as a "contract for deed."

On December 12, 1980, condemnor filed its petition in condemnation, identifying the Hunters as owners of Tract II and naming them as defendants,[3] along with those claiming interests in the other tracts. The Hunters were served with summons. There was no notice by publication.

On January 7, 1981, the corporation filed a "memorandum of assignment of rights" in the office of the recorder of deeds of Scott County. This memorandum evidently recited that the rights of the four individual purchasers in the "contract for deed" of May 1, 1980, had been assigned to the corporation, and that the corporation was in possession of Tract II.[4]

On January 16, 1981, three commissioners were appointed to assess the damages resulting from condemnor's appropriation of the several tracts, including Tract II.

On April 21, 1981, the commissioners filed their report, assessing damages of $6,000

for the taking of Tract II. Notice of the filing of the commissioners' report was mailed to the Hunters that date. Rule 86.-08.

On May 20, 1981, the corporation filed a motion to intervene, alleging it had an interest in Tract II as "Contract Vendee and party in possession," by virtue of an assignment of the rights of the four individuals named as purchasers in the agreement of May 1, 1980. The motion alleged that under the agreement, the corporation was entitled to share in any award received by the "Vendor" by reason of the condemnation proceedings. The motion was accompanied by a "Petition to Set Aside Report of Commissioners," which alleged that neither the corporation nor the "Assignors" were made parties to, given proper notice of, or given an opportunity to participate in the condemnation proceedings. The petition averred that notice of the "Assignor's" (sic) interest in Tract II (but not the corporation's interest) was "of record" prior to the filing of condemnor's petition. The corporation prayed that the commissioners' report be set aside and that new commissioners be appointed.

On July 30, 1981, the trial court granted the corporation's motion to intervene, but denied its petition to set aside the commissioners' report.

On August 3, 1981, the corporation filed written exceptions to the commissioners' report, asking that a "new appraisal" of damages be made "by the court."[5]

On August 21, 1981, condemnor filed a motion to strike the corporation's exceptions for the reason that they were not filed within 10 days after the service of notice of filing the commissioners' report.

On January 21, 1982, the trial court entered an order granting condemnor's motion

---

**2.** Neither the memorandum nor the agreement appears in the record here.

**3.** A bank holding a lien on Tract II under a deed of trust was also named a defendant, along with the trustee.

**4.** The memorandum of January 7, 1981, does not appear in the record here.

**5.** The exceptions were accompanied by a letter from the corporation's attorney waiving trial by jury and requesting a bench trial.

and ordering the corporation's exceptions stricken. This appeal followed.

The corporation asserts that (a) as purchaser under a contract for deed, it had a compensable interest in Tract II and was properly allowed to intervene, and (b) the 10-day period provided by Rule 86.08 for filing exceptions to the commissioners' report did not begin running against the corporation until it was granted leave to intervene, therefore its exceptions were timely and the trial court erred in striking them.

We need not decide whether the trial court was correct in granting the corporation's motion to intervene because—contrary to the corporation's assertion—that ruling did not carry with it the right to file exceptions to the commissioners' report after the corporation became a party.

Condemnor avers it was required by § 88.010, RSMo 1978, to authorize the condemnation proceedings by ordinance, in that condemnor is paying ten per cent of the total cost of condemnation. This is unchallenged by the corporation. Rule 86.-03 provides, in pertinent part:

"When legislation must be passed by a municipality before it is permitted to condemn property, it shall not be required in any case to bring any persons into the condemnation proceedings other than the owners of the property, or those interested therein, who were such at the time of the taking of effect of said legislation, and the parties claiming or holding through, or under, such owners, or parties interested, or any of them shall be bound by the proceedings as fully as if they were brought in."

Here the corporation had no interest of record in Tract II on October 6, 1980, the effective date of the ordinance which authorized the taking of Tract II. It was therefore unnecessary that the corporation be named a defendant. Rule 86.03. Furthermore, even absent Rule 86.03, it would have been unnecessary that the corporation be named a defendant. The corporation had no interest of record in Tract II on December 12, 1980, the date condemnor's petition was filed. *Millhouse v. Drainage Dist. No. 48 of Dunklin County*, 304 S.W.2d 54, 58[6] (Mo.App.1957) holds that owners, or those having an interest at the time condemnation proceedings are instituted, are the only necessary parties. §§ 305.-200.1 and 523.010.3, RSMo 1978.

It was not until January 7, 1981, (26 days after commencement of the condemnation proceedings) that anything appeared of record showing the corporation had an interest in Tract II. One who obtains an interest in land after commencement of condemnation proceedings takes subject to those proceedings. *Millhouse v. Drainage Dist. No. 48 of Dunklin County*, supra, 304 S.W.2d at 58[7]; *City of St. Louis v. Busch*, 252 Mo. 209, 158 S.W. 309, 312[6] (Mo.1913).

Because the corporation was not a party to the condemnation proceedings when the commissioners' report was filed, the corporation was not entitled to notice thereof. Rule 86.08. By the time the corporation became a party to the condemnation proceedings (July 30, 1981), the 10-day period for filing exceptions to the commissioners' report, which began running April 21, 1981, had expired.

Unless exceptions are filed within 10 days after service of notice of the filing of the commissioners' report, the condemnation becomes complete. The proceedings shall not be kept open indefinitely in order to afford parties an opportunity to demand a jury. The right to a trial on the issue of damages is waived if exceptions are not timely filed. *Leavenworth Terminal Railway & Bridge Co. v. Atchison*, 137 Mo. 218, 37 S.W. 913, 914–915 (Mo.1896); *State ex rel. Root Levee Dist. of Carroll County v. Root*, 219 S.W.2d 398, 399 (Mo.App.1949).

The corporation cites no case holding that one who is not a necessary party to a condemnation action, and thus not a defendant at the outset, but who, after the deadline

for excepting to the commissioners' report has passed, is allowed to intervene for the purpose of claiming an interest in the award, may, at that stage, file exceptions to the report. Our research has likewise turned up no Missouri case reaching that result.[6]

*State ex rel. State Highway Commission v. Southside National Bank,* 585 S.W.2d 512 (Mo.App.1979), cited by the corporation, is of no aid. There, a lessee in possession of condemned property under a 10-year lease at the time the petition for condemnation was filed, and who was named a defendant in that petition, was held to have the same right as the other defendants to file exceptions to the commissioners' report. There was no issue about the timeliness of the lessee's exceptions.

*City of Carthage v. Fairview Realty and Development Co.,* 624 S.W.2d 886 (Mo.App. 1981), also cited by the corporation, is similarly unavailing. There, notice of the filing of the commissioners' report was mailed to the landowner, rather than his attorney as required by Rule 43.01(b). The landowner filed exceptions more than 10 days thereafter. The trial court struck the exceptions. On appeal, it was held that service on the landowner was insufficient, and that the 10-day period for filing exceptions does not begin running until proper service is made. The exceptions were ruled timely and the order striking them was reversed. In the instant case the corporation was not a party to the condemnation proceedings when the commissioners' report was filed, thus, unlike *City of Carthage,* there was no notice to be served on the corporation.

The corporation had no right to file exceptions August 3, 1981. The order of the trial court striking the corporation's exceptions is affirmed.

GREENE, C.J., and FLANIGAN and MAUS, JJ., concur.

**6.** Cf. *Cassville School Dist. v. McArtor,* 286 S.W. 729 (Mo.App.1926) in which an original defendant in a condemnation action was allowed, after the deadline for excepting to the commissioners' report, to file a claim in the nature of interpleader to an award made by the commissioners to another defendant in the same action. The amount of the commissioners' award was not challenged.