**STATE ex rel. MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Plaintiff–Appellant,**

v.

**STARLING PLAZA PARTNERSHIP, et al., Defendants–Respondents.**

No. 74336.

Supreme Court of Missouri, En Banc.

June 2, 1992.

Rehearing Denied June 30, 1992.

---

Paul R. Sterrett, Paul R. Ferber, Rich Tiemeyer, Kirkwood, for plaintiff-appellant.

Roland Wegmann, Daniel A. Cytron, Hillsboro, Robert F. Summers, Theresa Counts Burke, St. Louis, for defendants-respondents.

ROBERTSON, Chief Justice.

Under the tripartite rule of unity first announced in *The Wyandotte, Kansas City and Northwestern Railway Company v. Waldo*, 70 Mo. 629 (1879), damages in eminent domain are measured against the whole of the condemnee's property where separate but contiguous parcels bear a common ownership and unity of use. The issue in this case is whether a landowner who owns three contiguous parcels of land that are used for a common purpose may restructure ownership as to one parcel following the filing of a condemnation action to defeat the unity of ownership of the whole tract and thereby enhance the damages from the condemnation. We hold that the ownership of the property on the date of the filing of the petition in condemnation determines the application of the tripartite rule of unity. Because the trial court reached a different conclusion, its judgment is reversed and the cause is remanded for a new trial.

## I.

On February 15, 1985, Larry and Michelle Jones, husband and wife, purchased three contiguous parcels of property as tenants by the entirety. The property consisted of 12.722 acres at the corner of Tenbrook Road and Missouri Highway 61–67, in Jefferson County. The parcels contained commercial property with separate leaseholds. The leases permitted the tenants and their customers to make use of parking spaces on all three parcels. Parcel 2, which is the subject of this action, consisted of approximately 18,000 square feet. A fast-food restaurant and a franchise muffler shop leased the improvements on the property from Mr. and Mrs. Jones.

On April 17, 1987, the Missouri Highway and Transportation Commission (MHTC) filed a condemnation action in the Circuit Court of Jefferson County as to all of the Joneses' property. MHTC also named the leaseholders on each of the parcels as de-

fendants. The Parcel 2 leaseholders remain defendants/respondents in this case.

MHTC filed its condemnation action with the purpose of permanently taking 652 square feet from Parcel 1 and 2,745 square feet from Parcel 2. MHTC claimed it needed this land to construct a right turn lane from Tenbrook Road onto State Highway 61–67.

Mr. and Mrs. Jones filed an answer admitting their ownership of the three parcels. For the sake of clarity, the remaining pertinent events of this case are set out in a list.

June 26, 1987 The Circuit Court enters its order of condemnation and appoints three commissioners to assess damages.

August 6, 1987 Larry and Michelle Jones transfer Parcel 2 to Larry Jones by general warranty deed.

October 2, 1987 The commissioners previously appointed in the case file their award of $52,500 with the circuit court.

October 9, 1987 MHTC files exceptions to the commissioners' award and requests a jury to assess damages.

October 22, 1987 MHTC pays the amount of the commissioners' award into court.

May 19, 1989 The circuit court holds a pretrial conference. At that pretrial conference, the court receives the affidavit of counsel to Mr. and Mrs. Jones stating his clients' disclaimer of any right and entitlement to any claim for compensation for MHTC's taking of properties owned by them. The affidavit expressly does not waive compensation for damages for properties owned by Larry W. Jones individually. On the basis of this affidavit, the trial court enters its pretrial order limiting the property against which condemnation damages may be assessed to Parcel 2. The trial court apparently reasons that the transfer of the property from Mr. and Mrs. Jones to Mr. Jones defeated the unity of ownership of the three-parcel tract. The effect of this order is to preclude MHTC from showing that the loss of parking places on Parcel 2 can be offset with available parking places on the other two parcels.

January 10, 1990 The jury returns its damage award of $74,000 under instructions limiting the jury's consideration of damages to Parcel 2.

MHTC filed appropriate post-trial motions. The trial court denied these. This appeal followed. On appeal, the Court of Appeals, Eastern District, affirmed the judgment of the trial court. We granted transfer because of the general interest and importance of the question presented and have jurisdiction. Mo.Const. art. V, § 10.

## II.

■ The tripartite rule of unity is a hoary one, first expressed in *The Wyandotte, Kansas City and Northwestern Railway Company v. Waldo*, 70 Mo. 629 (1879). For a more "modern" statement of the tripartite rule, *see State ex rel. State Highway Commission v. Young*, 324 Mo. 277, 23 S.W.2d 130 (1929). The rule states that where there are contiguous parcels of land having both unity of ownership and unity of use, damages in eminent domain will be assessed against the whole property, not the individual parcel from which the condemned property is taken.

■ As a general rule, damages in condemnation require the factfinder to measure the value of the property prior to the taking against its value after the taking. *State ex rel. Missouri Highway & Transportation Commission v. Horine*, 776 S.W.2d 6, 12 (Mo.banc 1989). The date of the taking is the date upon which the condemnor pays the commissioners' award into court. Mo.Const. art. I, § 26; *State ex rel. Missouri Highway & Transportation Commission v. Sturmfels Farm Limited Partnership*, 795 S.W.2d 581, 585 (Mo.App. 1990).

The question in this case is one of first impression. Respondents contend that these general rules answer the question in this case. They urge that because the property is not actually taken until just compensation is paid into court, it is the moment of taking that determines the relevant property against which damages must be measured. If, the respondents' argu-

ment continues, the unity of the property is destroyed prior to the actual taking, only the parcel on which the property is actually taken can be considered in determining damages.

MHTC has a different view. It argues that a condemnee may not alter the ownership of property for the purpose of defeating the tripartite rule of unity, thereby limiting the jury's (or the commissioners') measurement of damages to a limited part of the whole.

The competing policy considerations between the positions taken by the parties are fairly obvious. If MHTC's position is adopted, the law risks unnecessarily interfering with the right of an owner to transfer property in good faith for reasons unassociated with condemnation. If the respondents' position is adopted, the law not only permits, but encourages an owner of contiguous parcels of property to manipulate its ownership for no purpose other than increasing condemnation damages. Such a policy unnecessarily increases the costs of government's efforts to improve its property for the benefit of all citizens.

MHTC would resolve the dilemma by fixing the date of the filing of the condemnation petition as the date for determining damages. Such a policy has the appeal of simplicity. It also would deny the condemnee an accurate assessment of damages where the value of property is enhanced by inflation or improvements to surrounding property in cases in which the condemnation process is protracted. We interpret the command of article I, section 26—that "just" compensation be paid a condemnee—to require a procedure that most accurately assesses a condemnee's damages at the moment the public may disturb his or her land.

Respondents urge an unwavering allegiance to the time of taking as the time of determining the property against which damages are measured. If adopted for every case that rule would permit a condemnee to enrich himself or herself unjustly at the taxpayers' expense by simply maneuvering ownership.

The parties' arguments proceed from the premise that the date of measuring damages must also be the date of determining the extent of the property against which damages will be measured. For the reasons that follow, we find the premise from which both sides of this case argue incorrect.

It is surely true that the amount of damages a condemnee suffers is a function of the extent of the property the assessor of damages considers in assessing the land's before-and-after value. It does not necessarily follow, however, that the date of determining damages must also fix the extent of the property for which damages are assessed. Said another way, the question of ownership of property and the application of the tripartite rule of unity is a different, though related, question to the issue of the amount of the condemnee's damages.

The law of Missouri has long held that one who obtains an interest in land after the commencement of condemnation proceedings takes the land subject to those condemnation proceedings. *City of St. Louis v. Busch*, 252 Mo. 209, 158 S.W. 309, 312 (1913); *City of Sikeston v. Rolanco, Inc.*, 650 S.W.2d 729, 731 (Mo.App.1983). Indeed, a party is entitled to notice and hearing of a condemnation action only if that party holds an interest in the land "at the time the petition in condemnation is filed." *Millhouse v. Drainage District No. 48 of Dunklin County*, 304 S.W.2d 54, 58 (Mo.App.1957). These cases are not directly on point. But, read together, these cases show a consistent strain in Missouri law that ownership of property for purposes of a condemnation action is determined at the time the petition in condemnation is filed.

If ownership of property is determined at the time of the filing of the condemnation petition, it follows that the application of the tripartite rule of unity for determining the extent of the property for which damages will be assessed must be applied at the time of the filing of the condemnation petition. We so hold.

In this case, MHTC filed its petition in condemnation on April 17, 1987, more than three months prior to Mr. and Mrs. Jones transferring title of Parcel 2 to Mr. Jones. On April 17, 1987, the three parcels of land then owned by Mr. and Mrs. Jones met the tripartite rule of unity. Under the rule we announce today, the trial court erred in limiting the jury's assessment of damages to Parcel 2 on the basis of a transfer of ownership of the property effected on August 6, 1987.

### III.

The judgment of the trial court is reversed. The cause is remanded for a new trial.

COVINGTON, HOLSTEIN, BENTON and THOMAS, JJ., and RENDLEN and BLACKMAR, Senior Judges, concur.

PRICE, J., not sitting because not a member of the Court when case was submitted.